Lisa M. McKnight, 011638
Michael K. Foy, 032736
**SALMON, LEWIS & WELDON, P.L.C.**
2850 E. Camelback Road, Suite 200
Phoenix, Arizona  85016
(602) 801-9060
lmm@slwplc.com
mkf@slwplc.com
*Attorneys for Salt River Valley Water*
*Users' Association*

Robert A. Rosette, 018136
**ROSETTE, LLP**
565 W. Chandler Blvd., Suite 212
Chandler, Arizona 85255
(480) 889-8990
rosette@rosettelaw.com
*Attorney for the Tonto Apache Tribe*

David F. Jacobs, 018807
Carrie J. Brennan, 018250
Assistant Attorneys General
Natural Resources Section
**OFFICE OF THE ATTORNEY GENERAL**
2005 N. Central Avenue
Phoenix, Arizona  85004
(602) 542-7782
David.Jacobs@azag.gov
Carrie.Brennan@azag.gov
*Attorney for State of Arizona*

Steve Wene, 019630
Moyes Sellers & Hendricks
**MOYES SELLERS & HENDRICKS**
1850 N. Central Ave., Ste. 1100
Phoenix, Arizona 85004
(602) 604-2141
swene@lawms.com
*Attorney for City of Safford*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tonto Apache Tribe of Arizona,<br><br>                         Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>                         Defendants. | No. CIV-79-00187 PHX-DLR<br><br>**JOINT STATUS REPORT** |

The Parties, the Tonto Apache Tribe, the State of Arizona, the Salt River Valley Water Users' Association ("SRP") and the City of Safford, pursuant to this Court's Order dated March 3, 2011, hereby file their Joint Status Report regarding *In re the General Adjudication of all Rights to Use Water in the Gila River System and Source,* W-1—W-4 (the "Gila River Adjudication") pending in the Superior Court of the State of Arizona, Maricopa County.  The most recent Joint Status Report was filed on June 15, 2020.  *See* Doc. 154.  This current Joint

Status Report includes a description of the progress of matters pending in the Gila River Adjudication through November 27, 2020.

This action and a separate action, *San Carlos Apache Tribe v. State of Arizona et al.,* Case No. CIV 79-186 PHX (DLR), are before this Court pursuant to remand from the United States Court of Appeals for the Ninth Circuit following the decision of the United States Supreme Court in *State of Arizona v. San Carlos Apache Tribe*, 463 U.S. 545 (1983).

The Honorable Mark H. Brain, Judge of the Maricopa County Superior Court, presides over the Gila River Adjudication.[1]  Susan Ward Harris is appointed as Special Master in the Gila River Adjudication.[2]  The Arizona Department of Water Resources ("ADWR") is statutorily directed to provide technical assistance to the Gila River Adjudication Court (the "Adjudication Court" or "Court"), including the preparation of a hydrographic survey report ("HSR") proposing attributes of water rights for each subwatershed of the Gila River System and Source.  *See* A.R.S. § 45-256.

Numerous contested cases within the Gila River Adjudication have been fully resolved, either through litigation, settlement, or consolidation with another contested case. Section I of this Report, *infra*, includes a table that identifies each of the cases that have been previously resolved.  Sections II-IV, *infra*, provides a description of the contested cases and other matters that are currently active in the Gila River Adjudication.

---

[1] As of October 17, 2012.
[2] As of July 20, 2015.

# I.  Previously Resolved Contested Cases and Other Matters

| Matter No. | Matter Name | Summary of Resolution |
|---|---|---|
| W1-11-1758 | *In re Kathleen Hanseen* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on April 9, 2019. |
| W1-11-1776 | *In re Venice J. Higginbotham, Trustee of Ronald B. Higginbotham Decedent's Trust* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on September 23, 2019. |
| W1-11-1865 | *In re Thomas and Leona Farnsworth* | Claims dismissed by Special Master Harris on February 22, 2019. |
| W1-11-1881 | *In re Acel and Nila East* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on April 3, 2019. |
| W1-11-1889 | *In re Paul and Sandra Brick* | Claims dismissed by Special Master Harris on December 13, 2018. |
| W1-11-1903 | *In re Kirk Kading* | Claims dismissed by Special Master Harris on January 24, 2019. |
| W1-11-1906 | *In re Fenn Enterprises, Inc.* | Claims dismissed by Special Master Harris on January 10, 2019. |
| W1-11-1908 | *In re Rex O. and Gail Barney* | Claims dismissed by Special Master Harris on December 13, 2018. |
| W1-11-1909 | *In re El Paso Natural Gas Company* | Claims dismissed by Special Master Harris on January 24, 2019. |
| W1-11-1910 | *In re Leland K. and Paula F. Barney* | Consolidated with *In re Eli and Ila Fenn* (Contested Case No. W1-11-1691) on May 9, 2019. |
| W1-11-1912 | *In re Chester J. Brown* | Consolidated with *In re Eli and Ila Fenn* (Contested Case No. W1-11-1691) on May 9, 2019. |
| W1-11-1913 | *In re Randall & Joyce Welker* | Claims dismissed by Special Master Harris on March 27, 2019. |
| W1-11-1915 | *In re Thurber and Louise Larson* | Claims partially consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) and partially dismissed on March 7, 2019. |
| W1-11-1916 | *In re Alvah and Barbara Fenn* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on April 1, 2019. |

| W1-11-1917 | *In re Newell A. and Katherine Barney* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on March 12, 2019. |
| W1-11-1918 | *In re Gerald and Judy Barney* | Claims dismissed by Special Master Harris on January 30, 2019. |
| W1-11-1921 | *In re Neil H. and Carmen Carruthers* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on January 30, 2020. |
| W1-11-1980 | *In re Charles Dean and Jo Anne Lee Kartchner* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on April 1, 2019. |
| W1-11-1981 | *In re Charles Fenn, Jr.* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on April 1, 2019. |
| W1-11-2080 | *In re Jay and Lois Kartchner* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on January 30, 2020. |
| W1-11-2102 | *In re Charles B. and Marth White* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on October 11, 2019. |
| W1-11-2114 | *In re Ed and Miriam Ingalsby* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on January 30, 2020. |
| W1-11-2117 | *In re William Gordon Sr.* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on January 30, 2020. |
| W1-11-2169 | *In re Norman Gene and Annie Jane McWhorter* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on October 11, 2019. |
| W1-11-2190 | *In re Enclave St. David LLC* | Consolidated with *In re St. David Irrigation District* (Contested Case No. W1-11-1675) on September 23, 2019. |
| W1-11-2600 | *In re Sacaton Ranch Bingham Limited Partnership* | Claims dismissed by Special Master Harris on July 31, 2020. |
| W1-11-2620 | *In re Robert Floyd and Jerry Hammond* | Claims dismissed by Special Master Harris on October 15, 2020. |
| W1-11-2662 | *In re Hope I. Jones II* | Water rights abstracts approved by Special Master Harris on October 20, 2020. |
| W1-11-2665 | *In re Redfield Canyon State Law Claims* | Water rights abstracts approved by Special Master Harris on October 31, 2018, December 13, 2018, February 15, 2019, and December 9, 2019. |

| W1-11-2676 | *In re Dorene Wilson Trust* | Consolidated with *In re Pima County Irrigation* (Contested Case No. W1-11-2690) on April 4, 2018. |
| W1-11-2678 | *In re Donald Kellogg* | Consolidated with *In re Pima County Irrigation* (Contested Case No. W1-11-2694) on December 18, 2018. |
| W1-11-2690 | *In re Pima County Flood Control District* | Water rights abstracts approved by Special Master Harris on March 1, 2019, June 14, 2019, June 17, 2019, July 10, 2019, September 25, 2019, October 10, 2019, and December 10, 2019. |
| W1-11-2691 | *In re Jack Kelly and Lois Bingham* | Consolidated with *In re Pima County Flood Control District* (Contested Case No. W1-11-2690) on March 4, 2019. |
| W1-11-2712 | *In re Carey R. Smith* | Claims dismissed by Special Master Harris on October 16, 2020. |
| W1-11-2806 | *In re Arizona State Land Department* | Claims dismissed by Special Master Harris on December 19, 2019. |
| W1-11-2807 | (Unnamed) | Consolidated with *In re Paul L. Sale Investment Co.* (Contested Case No. W1-11-3107) on June 24, 2019. |
| W1-11-2838 | *In re Howard S. and Ella D. Slotter* | Consolidated with *In re ASARCO – Irrigation* (Contested Case No. W1-11-2801) on January 6, 2020. |
| W1-11-2839 | *In re Fred T. Ash & Sons* | Consolidated with *In re ASARCO – Irrigation* (Contested Case No. W1-11-2801) on April 30, 2020. |
| W1-11-3122 | *In re Morris and Dorthea Elliot* | Claims dismissed by Special Master Harris on January 17, 2020. |
| W1-11-3193 | *In re Arizona State Land Department* | Claims dismissed by Special Master Harris on November 20, 2019. |
| W1-11-3194 | *In re Salt River Project – Irrigation* | Water rights abstracts approved by Special Master Harris on July 31, 2019; corrected abstracts approved by Special Master Harris on February 14, 2020. |
| W1-11-3201 | *In re Salt River Project – Irrigation* | Water rights abstracts approved by Special Master Harris on July 31, 2019; corrected abstracts approved by Special Master Harris on February 14, 2020. |
| W1-11-3202 | *In re ASARCO, Inc. – SRP* | Claims dismissed by Special Master Harris on February 27, 2020. |
| W1-11-3204 | *In re BLM – SRP* | Claims dismissed by Special Master Harris on February 7, 2020. |

| W1-11-3207 | *In re John and Mary Smith* | Water rights abstracts approved by Special Master Harris on October 20, 2020. |
| W1-11-3208 | *In re ASARCO – Arizona Game and Fish Commission* | Consolidated under *In re John & Mary Lou Smith* (Contested Case No. W1-11-3207) on December 12, 2019; water rights abstracts approved by Special Master Harris in Case No. W1-11-3207 on October 20, 2020. |
| W1-11-3209 | *In re ASLD - Smith* | Consolidated under *In re John & Mary Lou Smith* (Contested Case No. W1-11-3207) on December 12, 2019; water abstracts approved by Special Master Harris in Case No. W1-11-3207 on October 20, 2020. |
| W1-11-3247 | *In re BLM – Miller* | Dismissed by Special Master Harris on March 5, 2020. |
| W1-11-3300 | *In re The Arizona Chapter of The Nature Conservancy* | Water rights abstracts approved by Special Master Harris on June 29, 2018. |
| W1-11-3301 | *In re The Arizona Chapter of The Nature Conservancy* | Water rights abstracts approved by Special Master Harris on June 29, 2018. |
| W1-11-3304 | *In re The Arizona Chapter of The Nature Conservancy* | Claims dismissed by Special Master Harris on April 10, 2018. |
| W1-11-3310 | *In re Larsen* | Water rights abstracts approved by Special Master Harris on February 12, 2019. |
| W1-11-3311 | *In re Luebbermann* | Water rights abstracts approved by Special Master Harris on September 12, 2019. |
| W1-11-3312 | *In re Brighthawk, LLC* | Water rights abstracts approved by Special Master Harris on February 13, 2019. |
| W1-11-3313 | *In re Barassi* | Water rights abstracts approved by Special Master Harris on June 4, 2019. |
| W1-11-3315 | *In re Young* | Water rights abstracts approved by Special Master Harris on March 29, 2019. |
| W1-11-3317 | *In re Lester Young* | Water rights abstracts approved by Special Master Harris on March 29, 2019. |
| W1-11-3318 | *In re Bowers* | Water rights abstracts approved by Special Master Harris on July 26, 2019 and September 16, 2020. |
| W1-11-3322 | *In re Ouillette* | Water rights abstracts approved by Special Master Harris on January 19, 2020 |
| W1-11-3323 | *In re Wallace* | Water rights abstracts approved by Special Master Harris on March 17, 2020. |

6

| | | |
|---|---|---|
| W1-11-3326 | *In re Lackner* | Claims dismissed by Special Master Harris on July 11, 2019. |
| W1-11-3329 | *In re BLM-Nature Conservancy Leased Land* | Water rights abstracts approved by Special Master Harris on November 12, 2019. |
| W1-11-3342 | *In re Aravaipa Canyon Wilderness Area* | Resolved following trial in decision issued by Judge Brain on December 17, 2018. |
| W1-11-3362 | *In re Magoffin Family Trust I* | Claims dismissed by Special Master Harris on July 24, 2020. |
| W1-11-3377 | *In re The Arizona Chapter of The Nature Conservancy* | Water rights abstracts approved by Special Master Harris on December 13, 2019. |
| W1-11-3378 | *In re Alex Pacheco and Christine Salazar Pacheco* | Water rights abstracts approved by Special Master Harris on June 5, 2020. |
| W1-11-3379 | *In re Miguel Miranda* | Water rights abstracts approved by Special Master Harris on January 14, 2020. |
| W1-11-3380 | *In re Sandra Fraser, Daniel and Cindy Tapia, and Norma Luepke* | Water rights abstracts approved by Special Master Harris on December 26, 2019. |
| W1-11-3382 | *In re the Arizona Chapter of the Nature Conservancy – Agro Land* | Water rights abstracts approved by Special Master Harris on August 16, 2019. |
| W1-11-3386 | *In re Ruben and Delta Bryce* | Water rights abstracts approved by Special Master Harris on November 6, 2020. |
| W1-11-3441 | *In re Anthony Lunt – State Trust Land* | Water rights abstracts approved by Special Master Harris on February 3, 2020. |
| W1-11-3449 | *In re Anthony Lunt – Stockponds* | Water rights abstracts approved by Special Master Harris on December 16, 2019. |
| W1-11-3451 | *In re Anthony Lunt – Irrigation* | Water rights abstracts approved by Special Master Harris on March 5, 2020. |
| WC-18-0002-IR | *In re General Adjudication of Gila River System* (Pre-1919 Forfeiture Petition to Supreme Court) | Petition denied by Supreme Court of Arizona on December 12, 2019. |

| WC-18-0001 | *In re General Adjudication of Gila River System* (Motion for Adoption of Non-Indian Special Procedural Order) | Petition denied by the Supreme Court of Arizona on May 28, 2020 "without prejudice to present the motion to the adjudication court for its consideration." |
|---|---|---|

## II.   Adjudication of Water Claims in the San Pedro River Watershed

### 1.   *In re: Fort Huachuca*

This contested case addresses whether lands were reserved for the Fort Huachuca military reservation near Sierra Vista, the purposes of the reservation, whether water was impliedly reserved to fulfill those purposes, and the date of priority of any such reserved rights. A trial on these issues concluded in February 2017, but no decision has been issued by the Adjudication Court. The procedural history of this contested case is described in the Joint Status Report that was filed in this matter on June 25, 2018. *See* Doc. 144, at 2-4.

### 2.   *In re: San Pedro Riparian National Conservation Area*

This contested case addresses whether Congress, in enacting legislation in 1988 establishing the San Pedro Riparian National Conservation Area ("SPRNCA"), either expressly or impliedly reserved water to satisfy the purposes of the reservation. The case also addresses the purposes of the SPRNCA and the priority date of any water rights reserved. A related issue concerns whether pre-existing appropriative rights appurtenant to lands within the SPRNCA should be included in the "inventory of water rights" available to the United States to fulfill the purposes of the SPRNCA.

Initial issues in the case were designated in June of 2007. Several of those initial issues were determined in March 2009. In May 2009, the Special Master designated two additional initial issues and resolved those issues by order dated March 19, 2010. The remaining issues in this case consist of (1) determining the boundaries of SPRNCA; (2) quantifying the federal reserved water rights claims for SPRNCA; and (3) determining the impact (if any) that a certificate of water right for SPRNCA that was issued under Arizona

law has on the federal reserved water rights for SPRNCA.  Trial in this matter concluded on May 16, 2019.  Closing briefs and proposed findings were filed on August 30, 2019, and responsive briefs were submitted on September 27, 2019.  The Joint Status Report that was filed in this matter on June 25, 2018 provides additional information regarding the initial issues that were previously decided in this case and the procedural history related to the trial that concluded in May 2019.  *See* Doc. 144, at 4-8.

### 3.   *In re: Subflow Technical Report, San Pedro River Watershed*

The subflow proceedings in the San Pedro River Watershed consist of three steps:  (1) Step 1—delineation of the lateral extent of the subflow zone; (2) Step 2—development and application of the cone of depression test to determine which wells located outside the lateral limits of the subflow zone are within the scope of the Court's jurisdiction based upon their past, present, and projected future pumping; and (3) Step 3—development and application of the subflow depletion test to determine whether and to what extent a particular well is currently withdrawing subflow.

### Step 1:  Lateral extent of the subflow zone

An evidentiary hearing on the San Pedro subflow zone was held August 31 through September 3, 2015.  On July 13, 2017, the Court entered its Findings of Fact and Conclusions of Law with regard to the 2015 hearing, approving the revised Subflow Zone Delineation Maps for the San Pedro River Watershed as ADWR reissued them in May 2015.  Thus, the subflow zone for the San Pedro Watershed now has been delineated.

### Step 2:  Cone of depression test

On July 11, 2016, ADWR filed a progress report in which it stated that it expected to complete and file a report on its Cone of Depression Test by December 31, 2016.  In response to the progress report, Judge Brain issued an order on December 8, 2016, which referred consideration of ADWR's Cone of Depression Test to Special Master Harris.  It directed the Special Master to hold "such evidentiary hearing as she deems necessary," and then to

prepare a report to the Court setting forth recommendations as to whether the cone of depression test should be adopted in whole or in part or modified.

On January 27, 2017, ADWR filed its report concerning *de minimis* uses and cone of depression tests within a small area of the Upper San Pedro River watershed as part of a demonstration project ("Demonstration Project Report").  The Demonstration Project Report presents methodologies for: (1) implementing court-ordered procedures for the summary adjudication of *de minimis* uses, and (2) deploying cone of depression tests.  On March 6, 2017, various parties filed objections and comments to the Demonstration Project Report.

On March 15, 2017, a status conference was held wherein ADWR represented it developed the cone of depression test for the purpose of identifying those wells subject to the Court's jurisdiction in the Gila River Adjudication.  On April 6, 2017, the Court issued an order setting deadlines and a trial date to consider the cone of depression methodology proposed by ADWR.  Parties were ordered to file objections, expert reports, and initial disclosures regarding the cone of depression methodology by August 18, 2017.

On May 12, 2017, ADWR filed its response to the comments concerning its proposed cone of depression test described in the Demonstration Project Report.  ADWR's response included a discussion regarding several issues identified by the Special Master, an analysis of its proposed groundwater model, tables and figures illustrating calculations related to the models comparison, and responses to selected questions from the parties.  ADWR discussed the three stages that must be completed related to identifying wells pumping subflow, as well as the cone of depression test consistent with the Arizona Supreme Court's opinion in *Gila IV*.[3]

On August 18, 2017, the parties filed their initial disclosure statements.  Trial on the cone of depression test methodology began on March 5, 2018.  After six days of trial, the Special Master took the matter under advisement.  On May 11, 2018, the Special Master

---

[3] *In re the General Adjudication of All Rights to Use Water in the Gila River System and Source*, 198 Ariz. 330, 344, ¶ 48, 9 P.3d 1069, 1083 (2000) (*Gila IV*).

issued a Draft Report on the ADWR Demonstration Project Report:  Cone of Depression Test Methodology ("Draft Report").  The Draft Report recommended that ADWR create a numeric MODFLOW model for the entirety of the San Pedro River Watershed under steady state, pre-development conditions for the purposes of the Cone of Depression Test.  The parties filed corrections and objections to that report on or before May 31, 2018.

On November 14, 2018, the Special Master issued a final report regarding the cone of depression test, which recommends the use of MODFLOW.  Objections to the final report were filed by May 13, 2019, and responses to those objections were filed by June 24, 2019.  The Adjudication Court held an oral argument on the objections and responses to the Special Master's Report on February 12, 2020, and the matter remains under advisement.

### Step 3:  Subflow depletion test

The Special Master's April 6, 2017 Order (referenced above) also permitted parties to file by August 25, 2017, their proposals regarding methodologies that ADWR may apply to determine whether a particular well is pumping subflow and the fraction of the discharge attributable to subflow.  The April 6 Order further provided that, in their proposals, parties shall identify issues that should be resolved in connection with the approval of an appropriate test.  On August 25, 2017, the parties filed their proposals regarding procedures to establish a cone of depression depletion analysis.

On September 13, 2017, a status conference was held wherein the Special Master found that a subflow depletion test was necessary "to provide the clear and convincing evidence required by the Arizona Supreme Court to overcome the 'strong initial presumption' that a well located outside the subflow zone is pumping percolating groundwater."  Minute Entry, dated October 9, 2017 at 3 (quoting *Gila IV*, 198 Ariz. 330, 343, ¶ 41, 9 P.3d 1069, 1084 (2002)).  At the hearing, the Special Master directed ADWR to file an initial report on its proposed subflow depletion test.  ADWR filed that report on December 6, 2018.

The Special Master held a status conference on February 20, 2019 to address issues related to ADWR's initial report on the proposed subflow depletion test.  On February 28,

2019, the Special Master issued an order setting the following deadlines:  (1) The parties must submit preliminary comments on ADWR's Initial Subflow Depletion Test Report by April 12, 2019; (2) ADWR must submit any revisions to its report based on the comments it received by May 3, 2019; (3) the parties must meet with ADWR to discuss the Subflow Depletion Test by June 14, 2019; (4) ADWR must file by June 28, 2019 a report regarding the meeting(s) identifying the model design elements for which there is agreement and a list of issues for which there is no agreement; and (5) by July 12, 2019, any party desiring to do so may submit a brief to present an alternative approach to the development of a demonstration project that will illustrate its proposal for a Subflow Depletion Test.  The Special Master held a status conference on July 24, 2019 to address the outcome of this process.  On August 5, 2019, the Special Master issued an order related to the status conference, which Order provided as follows:  (1) by October 25, 2019, the parties must file pleadings addressing four discrete issues relevant to the depletion test; (2) SRP shall prepare a demonstration project and distribute the demonstration project to ADWR and the parties by November 1, 2019; and (3) ADWR shall file a report regarding SRP's demonstration project by December 6, 2019. After the parties and ADWR filed the documents described in the August 5 Order, the Special Master held an argument on December 11, 2019 regarding the four issues that the parties addressed in their filings.  The Special Master issued a ruling on those issues in a minute entry filed February 19, 2020.  On June 23, 2020, ADWR held a meeting among the parties and experts to discuss progress on the Subflow Depletion Test.

The Special Master issued a Case Management Order on July 22, 2020 in which she set an evidentiary hearing to determine the vertical extent of the subflow zone.  The deadlines set in that Order are as follows:  (1) initial expert reports were due October 16, 2020; (2) rebuttal experts were due November 30, 2020; (3) discovery must be completed by January 22, 2021 and (4) an evidentiary hearing will be held on February 22, 2021.  After holding a status conference, the Special Master filed a minute entry on September 10, 2020.  That minute entry directed the parties to file initial disclosure statements by October 16, 2020, and

final disclosure statements by December 30, 2020.  On February 12, 2021, the parties must file a joint pretrial statement.  The Special Master will hold a readiness conference on February 17, 2021.

**4.**  *In re: Redfield Canyon Wilderness Area*

On April 5, 2012, Special Master Schade designated this contested case and listed seven issues for initial briefing:

1.  Did Congress in enacting the legislation establishing the Redfield Canyon Wilderness Area ("RCWA") expressly intend to reserve unappropriated waters to accomplish the purposes of the reservation?

2.  If so, what were the purposes of the reservation?

3.  If Congress did not expressly intend to reserve water, does the evidence establish that the United States withdrew land from the public domain and reserved the RCWA for federal purposes?

4.  If the land was withdrawn and reserved, what were the purposes of the reservation?

5.  If the land was withdrawn and reserved, did the United States impliedly reserve unappropriated waters to accomplish the purposes of the reservation?

6.  If unappropriated waters were reserved for the purposes of the reservation, what is the date or dates of priority of the reserved water rights?

7.  If unappropriated waters were reserved for the purposes of the reservation, did Congress intend to reserve all unappropriated waters at the time of the designation?

Dispositive motions on these issues were filed and fully briefed.  On July 9, 2014, the Special Master ruled on the summary judgment motions and held that:  (1) the Arizona Desert Wilderness Act of 1990 expressly reserved unappropriated waters to accomplish the purposes of the RCWA; (2) the purposes of the RCWA are to protect the wilderness area, preserve its wilderness character, and gather and disseminate information regarding its use and enjoyment

13

as wilderness; (3) Congress withdrew and reserved the RCWA; (4) the date of the reservation is November 28, 1990; and (5) Congress reserved a quantity of water sufficient to fulfill the purposes of the RCWA.  The Special Master also ruled that the water right reserved by Congress for the RCWA is specific for federally owned lands within the exterior boundaries of the wilderness area and does not serve the lands owned by the State of Arizona located inside the wilderness area.

The July 9 Order also set disclosure deadlines for future proceedings.  The United States was required to file its Rule 26.1 disclosures by January 7, 2015, on the issues of:  (1) how much, if any, unappropriated water was available on November 28, 1990; and (2) if unappropriated water was available on November 28, 1990, what is the quantity of water sufficient to fulfill the purposes of the RCWA?  These issues were partially resolved by a March 2, 2017 Order from the Adjudication Court regarding a motion for partial summary judgment filed by Freeport Minerals Corporation.  The March 2 Order dismissed the United States' federal reserved water rights claims for certain of the springs at issue in this case.  A trial regarding objections to the United States' remaining claims concluded in May 2017, but no decision on those claims has been issued by the Adjudication Court.

### 5.   *Order for Additional Hydrographic Survey Report*

On June 21, 2016, the Adjudication Court issued an Order requiring ADWR to prepare an HSR for statements of claimant ("SOCs") filed in the San Pedro Watershed not included in the original HSR dated November 20, 1991.  The June 21, 2016 Order provides that the HSR is to include (1) proposed attributes for each claim made in the SOCs; (2) the priority date claimed in each SOC for each proposed water right ("PWR"); (3) fee ownership of the land to which the water rights will be appurtenant; (4) identification of the claims which qualify as *de minimis* claims; and (5) a statement that identifies those claims for which ADWR does not make a recommendation concerning the water rights claimed and uses investigated.  On August 29, 2017, the Adjudication Court issued an additional order that revised the June 21 Order "[t]o direct the ADWR to analyze the claims for water rights in the Sierra Vista

subwatershed of the San Pedro Basin not included in San Pedro I and prepare a HSR which shall be known as the San Pedro II – Sierra Vista HSR."

### 6. *In re: Sands Group of Cases*

On November 14, 1994, Special Master John E. Thorson issued his Memorandum Decision, Findings of Fact, and Conclusions of Law for Group 1 Cases Involving Stockwatering, Stockponds, and Domestic Uses (the "*De Minimis* Report"). The cases addressed in the *De Minimis* Report are collectively known as the "Sands Group of Cases." In the *De Minimis* Report, the Special Master concluded that stock watering, along with certain stockpond and domestic water uses, constitute *de minimis* depletions of water in the San Pedro River Watershed. The *De Minimis* Report concluded that these water uses should be summarily adjudicated and set forth a summary adjudication procedure.[4]

Numerous parties filed objections to the *De Minimis* Report in 1995. In 2000 and 2001, responses and reply briefs were filed regarding the 1995 objections. In September 2002, the Adjudication Court issued an order that affirmed the *De Minimis* Report (subject to certain minor modifications). In October 2008, ADWR issued a report in which it proposed to commence the summary adjudication process that the Adjudication Court approved in its September 2002 Order.

On June 16, 2016, Special Master Harris issued an order initiating the second phase of the Sands Group of Cases, which involved the determination of the ownership of water rights on government land. However, on April 24, 2017, the Governor signed Senate Bill 1412 into law, which amended A.R.S. § 45-257(A)(1). Under Senate Bill 1412, determining the water rights of certain claims that are statutorily defined as "Small Water Use Claims" is deferred until after adjudication of all other water claims in the subwatershed. *See* Senate Bill 1412, §

---

[4] The *De Minimis* Report was issued in response to the Arizona Supreme Court's invitation to "adopt a rationally based exclusion for wells having a *de minimis* effect on the river system." *In re the General Adjudication of All Rights to Use Water in the Gila River System and Source*, 175 Ariz. 382, 394, 857 P.2d 1236, 1248 (1993).

5.  The term "Small Water Use Claims" is defined in Senate Bill 1412 to include most, if not all, of the claims at issue in this contested case.  Accordingly, the Special Master issued an April 26, 2017 Order providing that no further proceedings in this case will be scheduled until further notice.

On May 4, 2020, the Special Master issued orders that severed Contested Case Nos. W1-11-2444 (*In re Virgil T. Mercer – Irrigation*) and W1-11-2401 (*In re Mercer Group of Cases*) from this matter for separate adjudication.

### 7. *In re: Bayless & Berkalew*

On October 11, 2017, the Special Master issued an order consolidating several contested cases related to small water use claims asserted by Bayless & Berkalew Company. Pursuant to the October 11 Order, all objections to Bayless & Berkalew's stockpond, stock watering, and irrigation claims associated with Watershed File Report ("WFR") Nos. 113-09-017, 113-09-018, 113-12-003, 113-12-004, and 113-12-BD-004 will be resolved in connection with Contested Case No. W1-11-2696, which shall be known as *In re Bayless & Berkalew*.

The stockpond and stock watering claims at issue in *In re Bayless & Berkalew* previously were consolidated as part of *In re Sands Group of Cases* (see Section II(6), *supra*). The legislation that deferred adjudication of "Small Water Use Claims" and led to the Special Master's stay of *In re Sands Group of Cases* provides that a "claimant's small water use claims shall be determined in conjunction with the determination of that claimant's other claims."  A.R.S. § 45-257(A)(1).  Accordingly, on October 11, 2017, the Special Master issued an order in *In re Sands Group of Cases* providing that Bayless & Berkalew's small water use claims shall be separated from *In re Sands Group of Cases* and instead "shall be resolved in conjunction with its irrigation claims" in *In re Bayless & Berkalew*.  October 11, 2017 Order, at 2-3.

In the order initiating *In re Bayless & Berkalew*, the Special Master ordered ADWR to file by November 10, 2017 a report that identifies the place of use and point of diversion for

1  the stockpond and stockwatering uses at issue in the case.  ADWR filed the report on

2  November 9, 2017.

3        On November 21, 2017, an initial scheduling conference was held in this matter.

4  Following the scheduling conference, the Special Master issued a November 30, 2017 Minute

5  Entry which indicated that the Court "will send out abstracts for stockpond and certain stock

6  watering uses and allow a 60 day correction period."  Minute Entry at 2.  In the minute entry,

7  the Court also set the following deadlines:  (1) ASLD and Bayless & Berkalew may file by

8  February 19, 2018, designations consistent with the requirements of the *De Minimis* Report;

9  (2) all updated and new SOCs regarding any irrigation claim at issue in the contested case

10  must be filed by August 6, 2018; (3) amended objections to any new and amended SOCs must

11  be filed by September 6, 2018; and (4) ADWR shall file by September 6, 2018 a map

12  identifying the wells that provide sources of water for PWRs identified in one of the WFRs at

13  issue in this contested case, as well as any new wells listed in new or amended SOCs that are

14  located within the subflow zone of the San Pedro Watershed.

15        On December 19, 2017, the Special Master issued proposed water rights abstracts for

16  certain of the *de minimis* claims at issue in this Contested Case.  The Order directed that any

17  suggested corrections to the abstracts must be filed by February 23, 2018.  Bayless &

18  Berkalew and ASLD jointly submitted revised proposed abstracts on February 20, 2018.  On

19  March 28, 2018, the Special Master issued an order approving the abstracts for the *de minimis*

20  claims, as revised by ASLD and Bayless & Berkalew.  Subsequently, on June 1, 2018, the

21  Court set July 27, 2018, as the deadline for parties to file any suggested corrections to the

22  revised proposed abstracts.  On May 25, 2018, the Special Master issued fifteen additional

23  proposed water rights abstracts for *de minimis* water rights analyzed in the WFRs at issue.

24  The May 25 Order directed that any suggested corrections to the additional proposed abstracts

25  shall be filed no later than July 27, 2018.  The Special Master held a status conference on

26  September 14, 2018 for the purpose of addressing the suggested corrections that had been

27  filed for the abstracts.  During the conference, Bayless & Berkalew and ASLD moved to

strike certain objections to the proposed *de minimis* abstracts that were filed by the San Carlos Apache Tribe ("San Carlos") and the Tonto Apache Tribe ("TAT").  By Minute Entry dated December 6, 2018, the Special Master granted the motion to strike.

On August 31, 2018, Bayless & Berkalew moved to stay this case as it relates to irrigation water rights claims (i.e., all claims at issue that are not *de minimis*) on the grounds that those claims have been assigned, and that the assignee will have amended claims that will differ from the claims that were analyzed in the applicable WFRs.  The Special Master held an oral argument regarding the motion to stay on November 7, 2018.  At the oral argument, the Special Master granted the motion to stay the irrigation claims, and ordered that the assignee of the claims shall file its amended SOCs no later than August 31, 2019.  Bayless & Berkalew timely filed its amended SOCs. Bayless & Berkalew then moved to renew the stay. On October 28, 2019, the Special Master issued an order extending the stay until June 1, 2021.

Proceedings regarding the *de minimis* claims were not affected by the stay of the irrigation claims, and on December 13, 2018, the Special Master approved 22 proposed water right abstracts for *de minimis* uses.

**8.**    ***In re: Iser***

On September 20, 2017, the Special Master issued an order initiating Contested Case No. W1-11-3314 to resolve objections to WFR No. 115-04-ADB-003, which WFR addresses certain claimed water rights to Aravaipa Creek for domestic and irrigation uses.  The WFR addresses a single SOC that was filed by Jerry Iser in 1980; the claim has not been assigned and Mr. Iser remains the claimant.  The Special Master issued an order on October 29, 2018 that stays the adjudication of the PWRs at issue in this case "until such time as a court-approved test exists with respect to wells located outside the boundaries of the subflow zone." *See* October 29, 2018 Order at 2.  Additional information regarding the proceedings that occurred in this case prior to the stay is set forth in the Joint Status Report that was filed in this matter on December 21, 2018.  *See* Doc. 146, at 20-21.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**9.**     *In re: Pomerene Water Users Association and Related Contested Cases*

On February 1, 1994, Special Master Thorson initiated proceedings in this contested case to address the claims analyzed in several WFRs for which the claimant was the Pomerene Water Users Association.  A separate contested case was originally initiated for each of the WFRs.  However, because each listed WFR was associated with Pomerene Water Users Association, the cases were consolidated into a single contested case.  Trial of the consolidated case originally was scheduled for May 2, 1995.  However, the trial was vacated in an Order dated April 24, 1995, and the case remained effectively stayed for several years thereafter.

On April 25, 2017, Special Master Harris issued an order setting a status conference. Due to the length of time that had lapsed since the water rights claims were last considered, the Special Master first sought to determine the appropriate parties.  Therefore, the Special Master: (1) directed the Pomerene Water Users Association to file by June 16, 2017, a list of landowners and lessees who are believed to be using water diverted and distributed by the Association; and (2) set an initial status conference for June 28, 2017.  Following the June 28 status conference, the Special Master issued an order on July 6, 2017 directing that "counsel for Pomerene Water Users Association shall file by October 2, 2017, a report regarding the status of the Pomerene Water Users Association including the names of persons serving on the board and designating those persons authorized to act as a spokesperson for that entity." July 6, 2017 Order, at 2-3.  Pomerene Water Users Association filed the report on September 29, 2017.

An additional status conference was held on October 18, 2017.  At the October 18 conference, counsel for Pomerene Water Users Association requested nine months to complete and re-file amended SOCs on behalf of the Association's members.  Thereafter, on October 25, 2017, the Special Master issued an order providing as follows: (1) Pomerene shall file a report identifying each of its members by December 29, 2017; (2) amended SOCs shall be filed by August 31, 2018; and (3) an additional status conference will be held on

September 6, 2018.  Pomerene Water Users Association timely filed a report identifying its members on December 21, 2017.

On August 31, 2018, the Pomerene Water Users Association filed a notice in which it stated that it is no longer an entity for any purpose, and that its diversion structure and canal now are claimed by St. David Irrigation District ("SDID").  Therefore, the Special Master issued an order on October 5, 2018, stating that the cases consolidated into this Contested Case would be either joined with *In re St. David Irrigation District* (*see* Section II(10), *infra*) or separated into individual cases.  Accordingly, the Pomerene Water Users' Association case has been terminated.  Following termination of the Pomerene Water Users' Association case, the Special Master initiated several contested cases to adjudicate the individual water rights claims that previously were consolidated under the Pomerene Water Users' Association case.  Several of those contested cases have been consolidated into *In re St. David Irrigation District* or otherwise resolved; those cases are listed above in Section I.  The contested cases that remain active are as follows:

- ***In re Eli and Ila Fenn***.  On October 17, 2018, the Special Master issued an order initiating Contested Case No. W1-11-1691 to adjudicate objections to three PWRs for irrigation use that are analyzed in WFR No. 112-17-ABC-001.  The October 17 Order notes that the sources of water for the PWRs are three wells and a diversion from the San Pedro River into the Pomerene Water Users' Association Canal.  The October 17 Order directed ADWR to file by November 16, 2018, a map identifying the location of the three wells at issue in relation to the subflow zone.  A status conference was held on November 29, 2018, during which the Special Master directed ADWR to confer with the claimants and the objectors.  That meeting was held on February 20, 2019.  The meeting did not lead to a resolution, largely because the claimants indicated that they intended to file amended SOCs.  The Special Master directed the claimants to file amended SOCs no later than May 1, 2019.  The amended SOCs were timely filed, and the Special Master held a status conference on May 9, 2019, to discuss the claims.  At

the status conference, counsel for the claimants represented that the sources of supply for the water uses at issue are wells located outside the subflow zone.  Accordingly, the Special Master decided to stay the case pending completion of the subflow depletion test.  Following the status conference, the Special Master issued an Order on May 16, 2019, consolidating Contested Case Nos. W1-11-1910 and W1-11-1912 under this Contested Case.

- ***In re Eldon and Shirley Barney***.  On October 24, 2018, the Special Master issued two orders to initiate contested cases to adjudicate objections to proposed irrigation water rights for which the relevant SOCs were filed by Eldon J. Barney.  Contested Case No. W1-11-1884 was initiated to adjudicate objections to the irrigation PWR analyzed in WFR No. 112-17-BAA-026, and Contested Case No. W1-11-1898 was initiated to adjudicate objections to the irrigation PWR analyzed in WFR No. 112-17-BAD-001. A status conference was held on December 13, 2018.  At that status conference, counsel for Jay Barney and Fred and Beverly Kartchner indicated their intention to join SDID.  Therefore, their claims were subsequently consolidated with Contested Case No. W1-11-1675.  With regard to the irrigation PWR at issue in Contested Case No. W1-11-1898, the Marco Family Limited Trust was the only claimant that appeared. The remaining claims associated with these WFRs were dismissed.  The Special Master held a status conference on May 9, 2019, for the purpose of determining whether objections to the remaining PWRs could be resolved by settlement.  At that status conference, the Special Master directed ADWR to hold a meeting with the claimants and the objecting parties by August 30, 2019.  That meeting was held on August 13, 2019, but two of the three claimants did not attend.  Due to the non-attendance, the Special Master issued a case management order on October 31, 2019, in which she directed that (1) ADWR shall prepare a map indicating the boundaries of the irrigation uses at issue, and (2) any landowner intending to pursue a water right related to the WFR at issue must file a SOC for that water right by December 2, 2019.

21

The Special Master held another status conference on January 31, 2020, to consider the claims asserted in this matter by Karma Foods, during which she ordered ADWR to meet with Karma Foods and the objectors; that meeting occurred on June 9, 2020.  A status conference was held in this matter on May 19, 2020 with respect to the claims asserted by those other than Karma Foods, and the Special Master directed the claimants to filed stipulated abstracts or a status report by August 17, 2020.  The claimants timely filed a status report.  The Special Master issued an order directing the parties to file disclosure statements by October 30, 2020.  At an additional status conference held on October 30, 2020, Karma Foods informed the Court that it had applied for annexation to SDID, and therefore requested that this case be consolidated with *In re St. David Irrigation District*.  The Special Master filed a minute entry on November 5, 2020 in which she stated that this case will be consolidated with *In re St. David Irrigation District* after the Court received proof that the annexation has been finalized.

- ***In re Franklin T. and Vernalee East***.  On October 30, 2018, the Special Master issued an order initiating Contested Case No. W1-11-1875 to address objections to an irrigation PWR and a small reservoir PWR, both of which were analyzed in WFR No. 112-17-BAA-062.  The irrigation and reservoir water uses are supplied by a well and a diversion from the San Pedro River.  On December 5, 2018, in response to a map filed by ADWR that depicted the location of the well in relation to the subflow zone, the Special Master stayed the adjudication of the two PWRs at issue until after the Court has approved a test to determine the impact of wells located outside the boundaries of the subflow zone.

- ***In re Branson L. and Geneva Sherman***.  On November 1, 2018, the Special Master issued an order initiating Contested Case No. W1-11-1676 to address objections to two irrigation PWRs analyzed in WFR No. 112-17-BAA-038.  The sources of water for the PWRs are one well and a diversion from the San Pedro River.  In response to a map

filed by ADWR identifying the location of the well and the diversion at issue in relation to the subflow zone, the Special Master issued an order on December 5, 2018. That order stays the adjudication of the PWRs at issue until after the Court has approved a test to determine the impact of a well located outside the lateral boundaries of the subflow zone.

**10.    *In re: St. David Irrigation District***

By order dated January 23, 1995, Special Master John E. Thorson consolidated approximately 100 separate contested cases with *In re St. David Irrigation District*, Contested Case No. W1-11-1675.  Thereafter, the case remained dormant until the Special Master issued an order on December 22, 2017, that set a scheduling conference in the consolidated contested cases for February 15, 2018.  The December 22 Order explained that the purpose of these consolidated contested cases is to resolve objections to PWRs associated with lands that are supplied with water from SDID.  Following the February 15 status conference, the Special Master issued an order on March 1, 2018.  The March 1 Order (1) directed SDID to file by August 17, 2018, a list of all claimants on whose behalf it will assert claims for irrigation use, (2) directed that objections to the existing SOC form or requests that additional information be included in any SOCs to be filed in this matter be filed by October 19, 2018, (3) directed that responses to any filings regarding the form of SOCs shall be filed by November 9, 2018, (4) set an oral argument for November 15, 2018, regarding the format for SOCs to be filed in this matter, and (5) directed that all new and amended SOCs for water from the SDID Irrigation Ditch for irrigation uses shall be filed by April 19, 2019.

On October 8, 2018, the Special Master issued three orders consolidating with this case certain contested cases that formerly were being adjudicated in connection with the Pomerene Water Users' Association case.  The contested cases that were consolidated with this case through the Special Master's October 8 orders are Contested Case No. W1-11-1905 (*In re Harold T. and Daphne L. Matthews*), Contested Case No. W1-11-1769 (*In re Luis and Patricia Vega*), and Contested Case No. W1-11-1989 (*In re Tucson Pathology Assoc., P.C.*).

On April 1, 2019, the Special Master initiated Contested Case Nos. W1-11-1981, W1-11-1980, and W1-11-1916 (*In re Charles Fenn, Jr.*, *In re Charles Dean and Jo Anne Lee Kartchner*, and *In re Alvah and Barbara Fenn*, respectively), and consolidated those new cases under this case.  On April 9, 2019, the Special Master issued an order initiating Contested Case No. W1-11-1675 (*In re Kathleen Hanseen*) and consolidating it with this case.

On April 10, 2019, the Special Master issued an order that consolidated with *In re St. David District* numerous cases that involve lands that have been annexed into SDID.  On September 23, 2019, the Special Master initiated Contested Case Nos. W1-11-1776 (*In re Venice J. Higginbotham*) and W1-11-1675 (*In re Enclave St. David LLC*), and consolidated both cases into *In re St. David Irrigation District*.  On October 11, 2019, the Special Master initiated Contested Case No. W1-11-1675 (*In re Charles B. and Martha White*) and Contested Case No. W1-11-2169 (*In re Norman Gene and Annie Jane McWhorter*), and consolidated those cases into *In re St. David Irrigation District*.  On January 30, 2020, the Special Master issued an order initiating Contested Case Nos. W1-11-1921, W1-11-2080, W1-11-2114, and W1-11-2117 (*In re Neil H. and Carmen Carruthers*, *In re Jay and Lois Kartchner*, *In re Ed and Miriam Ingalsby*, and *In re William Gordon Sr.*, respectively).  Each of these cases were consolidated under *In re St. David Irrigation District*.  At a status conference held on October 23, 2019, the Special Master addressed SDID's request to consolidate four additional contested cases (Nos. W1-11-2190, W1-11-1776, W1-11-2102, and W1-11-2169) with this contested case.  Those cases were consolidated into this contested case after SDID filed consents confirming the claimants' intention to join SDID.

The Special Master held a status conference on May 9, 2019, to further discuss the boundaries of SDID and the extent to which water rights associated with additional lands should be adjudicated within this case.  Following the status conference, the Special Master issued a minute entry in which she ordered that:  (1)  Initial Disclosure Statements are due July 31, 2019; (2) ADWR shall file a map with the WFR boundaries within the exterior

boundary of SDID by July 15, 2019; (3) a status conference will be held August 15, 2019; (4) SDID shall file a proposed litigation schedule by June 28, 2019; (5) parties not in agreement with SDID's proposed schedule shall file an alternative proposed schedule by July 15, 2019; and (6) ADWR shall submit a report which advises whether the set of 12 maps filed by ADWR in October 2017 includes all land within the exterior boundaries of SDID.  On July 31, 2019, the parties filed their initial disclosure statements (with the exception of the Yavapai Apache Nation ("YAN"), which was granted permission to file late).  ADWR timely filed the map on July 15, 2019.

SDID timely filed its proposed litigation schedule on June 27, 2019.  On August 21, 2019, the Special Master issued an order in which she set the following three issues to be addressed in the first phase of this case:  (1) The correct methodology to determine the amount of water used for irrigation and the quantities used for irrigation; (2) whether water rights with a priority date prior to 1919 are subject to forfeiture; and (3) identification of the points of diversion.  The August 21 Order also set a litigation schedule, which was subsequently superseded in part as a consequence of the court granting various motions filed by the parties.  The August 21 Order provided that:  (1) SDID must disclose its expert opinions relevant to the three issues by November 15, 2019; (2) SDID must submit a settlement report by December 31, 2019; (3) objectors must disclose their expert opinions relevant to the three issues by January 14, 2020; (4) SDID must disclose its rebuttal expert opinions by March 16, 2020; (5) discovery must be completed by April 30, 2020; (6) a pretrial conference will be held on May 14, 2020; (7) dispositive motions are due May 29, 2020; (8) responses to dispositive motions are due on the 40th calendar day after a motion is filed, and replies are due on the 20th calendar day after a response is filed; and (9) trial will commence on January 19, 2021.

On January 29, 2020, the Special Master issued an order to reschedule the pretrial conference in this case to May 19, 2020.  On March 26, 2020, the Special Master continued the discovery deadline to May 15, 2020 for purposes of three specific depositions.  On May

13, 2020, the parties filed a stipulated motion in which they requested a continuance of the discovery deadline to August 28, 2020 and a continuance of the dispositive motion deadline to September 11, 2020.  The Special Master granted that motion in an order dated May 19, 2020.

The Special Master held a status conference on October 23, 2019.  Following that status conference, the Special Master issued an order in which she directed SDID to file a status report on January 13, 2020, and extended until April 30, 2020, the deadline to file a settlement report pursuant to the litigation schedule.  The Special Master also addressed SDID's request to consolidate four contested cases (Nos. W1-11-2190, W1-11-1776, W1-11-2102, and W1-11-2169) with this contested case by ordering SDID to submit by November 25, 2019, documents confirming that the landowners in those contested cases consent to the proposed consolidation.  SDID submitted the consents and those cases were consolidated under this contested case.

On January 31, 2020, SRP moved for partial summary judgment on the question of whether pre-1919 appropriative rights are subject to statutory forfeiture under Arizona law, one of the three issues designated for the first phase of this case.  Gila River Indian Community ("GRIC") filed a response to SRP's motion on March 10, 2020, and San Carlos filed its response on May 20, 2020.  SRP filed replies to the responses on June 5, 2020.  The Special Master held oral argument on SRP's motion on June 15, 2020.  On September 10, 2020, the Special Master filed a minute entry in which she denied SRP's motion for partial summary judgment.

In response to a stipulated motion filed May 13, 2020, the Special Master amended the litigation schedule on May 19, 2020 to (1) continue the discovery deadline to August 28, 2020; (2) reschedule the settlement conference for August 28, 2020; (3) continue the dispositive motion deadline to September 11, 2020; and (4) keep the existing pretrial conference and trial dates.  The Special Master granted the requested continuance in an order dated May 19, 2020.

On July 10, 2020, the claimant and objectors reached a stipulation that substantially narrowed the parties' dispute as to one of the three legal issues to be addressed in this case (namely, the quantification of SDID's water rights).  In response to the stipulation, the Special Master entered an order on August 13, 2020 that extended the discovery cutoff to September 30, 2020, extended the dispositive motion deadline to October 16, 2020, and directed the parties to submit their settlement agreement by September 30, 2020.  On October 8, 2020, the Special Master further extended the dispositive motion deadline to November 16, 2020 in response to a stipulated motion filed by the claimants and the objectors.  On September 14, 2020, SDID and the objectors filed a stipulation that resolved the question of the water duty to be applied to SDID lands.  The Special Master held a pretrial conference in this matter on October 16, 2020.  The Special Master filed a minute entry regarding the pretrial conference on October 21, 2020, in which she stated that, in light of the progress in settlement discussions, the trial date and dispositive motion deadlines were being vacated.  An additional pretrial conference is scheduled for December 4, 2020.

## 11.    *In re: Pima County Irrigation*

On January 4, 2018, the Special Master issued an order initiating a contested case to resolve objections to WFR Nos. 113-19-001, 113-09-020, 113-11-003, 113-12-001, and 113-BD-002, which WFRs analyze claims filed by or assigned to Pima County.  The PWRs identified in these WFRs include irrigation uses as well as several *de minimis* uses.  An initial scheduling conference was held in this matter on January 25, 2018.  Following the scheduling conference, the Special Master issued an order on January 31, 2018, which ordered:  (1) Pima County to confer with SRP, San Carlos, and TAT to discuss a process for resolving their objections to the PWRs identified for irrigation use; (2) Pima County to file by March 12, 2018 a proposed procedure for resolving the objections to the irrigation PWRs; and (3) ASLD to submit a report by February 26, 2018, regarding the ownership of the place of use identified for one of the PWRs at issue.  Pima County and ASLD timely filed each of the reports that were required under the Special Master's January 31 Order.

A status conference was held on March 22, 2018, during which the Special Master:  (1) directed ASLD to file by April 23, 2018 a report regarding the ownership of the land analyzed in WFR 113-12-001; (2) ordered that WFR 113-09-20 shall be removed from this contested case; (3) directed Pima County to file by April 2, 2018, a report regarding the status of its amended SOCs; (4) directed ADWR to amend WFR 113-12-BD-002 by April 23, 2018; (5) directed that any amended objections to amended WFR 113-12-BD-002 shall be filed by May 21, 2018; (6) directed Pima County to submit documentation to support its position that certain wells for which it asserts water rights are located outside the subflow zone; and (7) set a status conference for June 6, 2018.  Pima County and ASLD timely submitted the reports required under the March 22 Order.  ADWR submitted amended WFR 113-12-BD-002, and the objecting parties timely filed their amended objections.

At the June 6 status conference, the Special Master set the following case schedule: (1) Disclosure statements and expert reports must be filed by December 14, 2018; (2) discovery shall be completed by June 3, 2019; (3) dispositive and pretrial motions shall be filed by August 5, 2019; and (4) trial will begin on October 21, 2019.  The Special Master also ordered the parties to file a joint settlement report by August 31, 2018.  In an Order of June 19, 2018, related to the status conference, the Special Master identified certain wells located outside the subflow zone, and stayed the adjudication for PWRs for which those wells are the source of supply "until such time as a court-approved test exists with respect to wells located outside the boundaries of the subflow zone."  *See* June 19, 2018 Order at 3.

Prior to filing the settlement report ordered by the Special Master, Pima County circulated proposed abstracts for the PWRs at issue and requested comments on the PWRs. The settlement report indicated that several parties agreed to the proposed abstracts, and that certain other parties still were considering their positions.  On October 9, 2018, the Special Master issued an order requiring that a second joint settlement report be filed no later than November 9, 2018.  The October 9 Order also included proposed abstracts for the six *de minimis* PWRs at issue.  The Order required the parties to submit any suggested corrections to

the proposed *de minimis* abstracts no later than December 1, 2018.  SRP and ASLD submitted suggested corrections.  On March 1, 2019, the Special Master issued an order approving the *de minimis* abstracts, as corrected.

The parties timely filed the second settlement report.  The settlement report indicated that San Carlos and TAT objected to the claimed priority date set forth in the proposed abstracts circulated by Pima County, and that the Tribes still are waiting to receive additional information that they requested.  The settlement report also stated that the Salt River Project is awaiting additional information from Pima County prior to determining its position on the priority date claimed by Pima County.  The settlement report stated that the other parties do not object to Pima County's proposed abstracts.

On December 18, 2018, the Special Master issued an order to initiate a contested case to address objections to the two *de minimis* PWRs analyzed in WFR No. 113-12-023, and consolidated that contested case into the Pima County Irrigation case because the SOCs analyzed in that WFR had been previously assigned to Pima County.  On June 14, 2019, the Special Master issued an order that included two draft abstracts for the *de minimis* PWRs that were identified in WFR No. 113-12-023.  The Special Master issued an order approving the abstracts and adding them to the catalog of water rights on July 30, 2019.

The parties filed their initial disclosure statements in this matter on January 28, 2019, and February 5, 2019.  A status conference was held on February 8, 2019.  At the February 8 status conference, the Special Master consolidated WFR No. 113-21-BA-013 with this contested case.  The Special Master also discussed San Carlos's and TAT's remaining objections to the proposed abstracts, which objections relate to alleged gaps in the chain of title to some of the lands at issue.  Because the Tribes' remaining objections to the irrigation and small reservoir PWRs related to chain of title, the Special Master ordered the case stayed as to those claims until resolution of the issue of broad legal importance regarding chain of title in the Luebbermann case.  *See* Section I(12), *supra*.

The Special Master's stay order did not extend to *de minimis* claims.  Therefore, on March 1, 2019, the Special Master issued proposed abstracts for the *de minimis* PWRs that were not included in the *de minimis* abstracts that the Special Master had previously circulated in the October 9, 2018 order.  The March 1 order from the Special Master also identified defects in certain of the *de minimis* PWRs and directed Pima County to file by April 29, 2019, information supporting its claimed *de minimis* water rights.  On April 25, 2019, Pima County filed its Report of its Intent to State a Right and Suggested Correction to the Court's Proposed Water Right for Pima County.  Pursuant to the March 1 Order, on April 29, 2019, ADWR filed its Notice of Filing Report and Map identifying the place of use for PWR 113-11-003-SP001.  The Special Master issued an order approving that *de minimis* abstract on June 14, 2019.

The Special Master ruled on the chain of title issue in Luebbermann on April 24, 2019.  On May 29, 2019, Pima County filed a Motion to Lift Stay and to Vacate and Reset Deadlines.  The Special Master lifted the stay and issued an order on June 14, 2019, directing the parties to file by July 15, 2019, a joint report addressing the status of their attempts to resolve the objections to the remaining non-*de minimis* PWRs.  On July 10, 2019, the parties submitted stipulated abstracts for all such PWRs.  The Special Master approved those abstracts and added them to the calendar of water rights on July 16, 2019.  On July 30, 2019, the Special Master issued an order confirming that all PWRs and claims at issue in this case have been resolved, with the exception of the PWRs for which adjudication has been stayed until the Adjudication Court's approval of a test with respect to wells located outside the boundaries of the subflow zone.

### 12.     *In re: Magma De Minimis, Magma Mining, and Magma Irrigation*

In July 2018, the Special Master initiated three contested cases to resolve objections to WFR Nos. 113-08-AD-002, 113-08-022, and 113-08-014, which WFRs analyze claims asserted by Magma Copper Company.  These contested cases are referred to, respectively, as *In re Magma Copper – Irrigation* (W1-11-2503); *In re Magma Copper – Mining* (W1-11-

30

2428); and *In re Magma Copper – De Minimis* (W1-11-2421).  The Special Master held an initial scheduling conference in all three cases on August 23, 2018.   At the scheduling conference, the Special Master ordered that BHP Copper (Magma Copper's successor corporation) would have until January 31, 2019, to submit amended SOCs.

A status conference was held in these matters on March 22, 2019, to discuss the amended SOCs and any potential amendments to the relevant WFRs.  With respect to the *Magma De Minimis* case, the Special Master directed BHP Copper to submit draft abstracts for the *de minimis* claims by May 21, 2019.  BHP and the objecting parties agreed that an amended WFR was needed to analyze the amended SOCs filed in the *Magma Copper – Mining* case.  Therefore, the Special Master issued an order on March 26 requiring ADWR to submit an amended WFR analyzing the claims at issue.  In addition to the amended WFR, the March 26 Order directed BHP and ADWR to jointly submit a report on the location of the wells at issue relative to the lateral boundaries of the subflow zone by March 31, 2020.  On March 31, 2020, the Special Master filed an order in which she extended the deadline for the joint report to July 30, 2020.  The Special Master also directed ADWR to submit an amended WFR analyzing the claims at issue in the *Magma Copper – Irrigation* case.  The amended WFRs in both cases must be filed by September 25, 2020.  ADWR filed its amended WFR on September 18, 2020.

BHP submitted draft abstracts for the PWRs at issue in *In re Magma Copper – De Minimis*.  On June 6, 2019, the Special Master ordered ADWR to submit a report with any comments regarding the draft *de minimis* abstracts by July 8, 2019, and ordered the other parties to submit any suggested corrections to the proposed abstracts by August 5, 2019.  On July 31, 2019, BHP submitted corrected abstracts that incorporated the comments raised by ADWR; no other party submitted suggested corrections to the abstracts.  Accordingly, the Special Master issued an order on August 13, 2019, approving the *de minimis* abstracts, as corrected, and adding the abstracts to the catalog of water rights.

### 13.    *In re: ASARCO Diversion and ASARCO Irrigation*

On June 7, 2018, the Special Master initiated five contested cases to resolve objections to WFR Nos. 114-01-005, 114-04-035, 114-01-CCD-001, 114-04-BDA-001, and 114-04-BDD-002, which WFRs address water rights claims associated with land now owned by ASARCO, Inc.  The adjudication of claims analyzed under WFR Nos. 114-01-005 and 114-04-035 are consolidated under Contested Case No. W1-11-2798 (*In re ASARCO – Diversion*), and the adjudication of claims analyzed under WFR Nos. 114-01-CCD-001, 114-04-BDA-001, and 114-04-BDD-002 are consolidated under Contested Case No. W1-11-2801 (*In re ASARCO – Irrigation*).  The Special Master held an initial scheduling conference in both of the consolidated cases on July 11, 2018.  At the scheduling conference, the Special Master ordered that ASARCO shall have until January 7, 2019 to submit amended SOCs.  Thereafter, ASARCO obtained an extension until April 8, 2019 to submit its amended SOCs.

A status conference was held on May 9, 2019 to address, among other things, whether an amended WFR needs to be prepared to address ASARCO's amended SOCs.  ASARCO and the objecting parties agreed that an amended WFR needs to be prepared.  In a May 21, 2019, minute entry, the Special Master ordered as follows: (1) ADWR shall issue an amended WFR analyzing ASARCO's claims within eighteen months; (2) ADWR to file a report, by June 7, 2019, including a brief technical statement about the materiality of changes to claimed water rights asserted by ASARCO in its amended SOCs; and (3) if a party desires to file a response to ADWR's report, the responses are due June 17, 2019.  ADWR timely filed its report on June 6, 2019.  In the report, ADWR concluded that the changes to ASARCO's SOCs are material and therefore should be analyzed in connection with the San Pedro II HSR.  On October 8, 2019, the Special Master issued an order in which she determined that due process is satisfied by sending amended WFRs prepared by ADWR for the ASARCO claims to the parties on the court-approved mailing list for this case, as well as persons and entities for the court-approved mailing list for the Gila Adjudication generally.

The Special Master held a status conference on October 23, 2019, to discuss a schedule for resolving the water rights claims at issue in these cases.  On October 31, 2019, the Special Master issued an order in which she (1) directed ADWR to file amended WFRs regarding ASARCO's amended SOCs and water uses on Aravaipa Ranch, PZ Ranch, and Robinson Ranch by November 2, 2020; (2) set a deadline of February 2, 2021, for objections to the amended WFRs; and (3) directed the parties to file initial disclosure statements by February 22, 2021.  ASARCO filed amended SOCs for its Aravaipa Ranch property, which is at issue in *In re ASARCO – Irrigation*, on November 15, 2019.  On April 30, 2020, the Special Master issued an order that consolidated *In re Fred T. Ash & Sons* (Contested Case No. W1-11-2839) under *In re ASARCO – Irrigation* (Contested Case No. W1-11-2801).

On December 9, 2019, the Special Master issued an order in which she analyzed the relationship between the current claims at issue in *In re ASARCO – Diversions* and the claims analyzed in the relevant WFRs.  The Special Master directed ADWR to file amended WFRs for the current claims at issue by November 2, 2020, and set a status conference for December 1, 2020, to determine whether additional procedures need to be implemented to give parties notice of ADWR's analysis of the claims at issue.  On October 23, 2020, ADWR filed a request to extend its deadline for submitting amended WFRs to December 18, 2020.  On October 30, 2020, the Special Master granted ADWR's motion, vacated the December 4, 2020 status conference, and rescheduled the status conference to January 15, 2021.

### 14.   *In re City of Tombstone*

On February 12, 2019, the Special Master initiated Contested Case No. W1-11-0473 to address objections to WFR No. 111-21-032, which identifies PWRs for municipal use.  The Special Master set a scheduling conference for May 21, 2019, and instructed the parties to submit a Case Information Report at least seven days before the May 21 conference.  The Special Master subsequently granted a motion filed by the City of Tombstone to reset the conference to July 17, 2019, and to continue the Case Information Report deadline until July 10, 2019.  Pursuant to a motion filed by Tombstone, the Special Master issued a June 4 Order

33

that (1) converted the July 17 scheduling conference to a status conference, and (2) vacated the Case Information Report deadline.  Following the status conference, the Special Master issued an order in which she stayed the adjudication of Tombstone's claims for which the source is wells outside the subflow zone.  That order also directed the parties to hold settlement discussions with respect to the remaining claims and file by October 15, 2019, a status report regarding those settlement discussions.

Tombstone filed a status report on October 15, 2019, in which it stated that a settlement meeting with the objecting parties was held on October 8, 2019.  Thereafter, Tombstone circulated proposed water rights abstracts to the objecting parties.  The Special Master then held a status conference on November 13, 2019.  At that status conference, the Special Master directed Tombstone to file a status report within sixty days addressing the prospects for settlement and whether an amended WFR is necessary.  Tombstone filed settlement status reports on January 13, 2019, April 30, 2020, and July 31, 2020.  On October 2, 2020, the City of Tombstone requested that the Special Master stay this matter for three years on the grounds that one of the objectors (the United States) would not agree to a settlement until it acquires additional flow data from the springs that supply the City's municipal uses.  Following a conference held on October 9, 2020, the Special Master filed a minute entry on October 15, 2020 in which she granted the requested stay.  A status conference will be held on October 23, 2023.

### 15.   *In re Max J. and Donna Kartchner*

On April 22, 2019, the Special Master initiated Contested Case No. W1-11-1986 to adjudicate the objections to the irrigation and small reservoir PWRs analyzed in WFR No. 112-17-BDA-007.  The Special Master held an initial status conference on June 19, 2019.  At that status conference, the Special Master ordered the claimants (El Dorado Benson, LLC and the Kirkpatrick Family Trust) to file amended SOCs by September 20, 2019.  The Special Master also ordered that each of the claimants file a report no later than September 20, 2019, regarding various attributes of the claimed water rights, including the place of use boundaries

and a description of the water source.  El Dorado Benson was directed to include in its report the date selected for a meeting with the objecting parties, but the Kirkpatrick Family Trust was not required to include a meeting date in its report.  Both claimants timely filed their reports.  The report filed by the Kirkpatrick Family Trust stated that they were in the process of being annexed into SDID.  Accordingly, the Special Master consolidated the claims and objections included in WFR No. 112-17-BDA-007 associated with the Kirkpatrick Family Trust's land with *In re St. David District*, Contested Case No. W1-11-1675.

El Dorado Benson held a meeting with the objecting parties on October 17, 2019.  The Special Master held a status conference on November 13, 2019 to discuss the status of the settlement efforts and El Dorado's amended SOCs.  On November 20, 2019, the Special Master issued an order stating that she will hold a scheduling conference for purposes of setting a litigation schedule unless stipulated abstracts for the claimed water rights are filed by January 6, 2020.  On January 6, 2020, El Dorado Benson filed a status report in which it noted that it had circulated proposed abstracts and requested that the deadline for submitting stipulated abstracts be extended to March 2, 2020.  The Special Master granted that motion in an order dated January 8, 2020.  The Special Master then extended the deadline to May 1, 2020, and then July 1, 2020 via orders dated March 17, 2020, and May 4, 2020, respectively. Following an additional report filed by El Dorado on July 1, 2020, the Special Master set a scheduling conference for August 10, 2020.  On July 31, 2020, El Dorado Benson and the remaining objectors submitted stipulated abstracts for the PWRs at issue, with the exception of claims related to a well located outside the subflow zone.  As to claims to use water withdrawn from that well, the parties agreed that the case should be stayed until the subflow depletion test is finalized and applied to that well.  The Special Master issued an order approving the stipulated abstracts on August 4, 2020.  On August 6, 2020, the Special Master ordered this case stayed as to the well located outside the subflow zone until a cone of depression and depletion test is completed as to that well.

### 16.     *In re Paul L. Sale Investment Company*

On May 6, 2019, the Special Master initiated Contested Case No. W1-11-3107 to address the PWRs analyzed in WFR No. 114-04-BAB-007.  The WFR, which addresses property that has been conveyed to SRP, identifies PWRs for irrigation, domestic, and small reservoir uses.  The Special Master's May 6 Order directed that (1) ADWR file by June 14, 2019, a map showing the land owned by the claimant (SRP), and (2) ASLD file by June 14, 2019 a report stating its position regarding its claim for any of the PWRs identified in the WFR.  ADWR and ASLD filed the documents as ordered.

The Special Master held an initial status conference on June 18, 2019.  During the June 18 status conference, SRP asked the Special Master to create a contested case to address WFR No. 114-01-CCD-012 and consolidate that matter with this contested case on the grounds that the WFR also addresses property formerly owned by Paul L. Sale Investment Company that was since conveyed to SRP.  In a minute entry regarding the June 18 status conference, the Special Master granted SRP's request to initiate a new matter and consolidate it with this case.  In addition, the Special Master directed SRP to file a status report on any amendments to its SOCs or assignments of SOCs by October 18, 2019.  The Court also set an additional status conference for November 1, 2019.  SRP timely submitted the status report.  In that report, SRP requested 90 days to pursue a resolution of any objections related to the irrigation PWRs at issue.  With respect to the non-irrigation PWRs, SRP included draft *de minimis* abstracts and requested that the Court process the draft abstracts in accordance with the standard protocol for *de minimis* claims.  At the status conference, the Special Master directed ADWR to review SRP's *de minimis* abstracts and file a report with any comments regarding the abstracts by January 17, 2020.  The Special Master directed SRP to file by January 17, 2020, either stipulated abstracts for the irrigation PWRs or, if the parties are unable to agree to proposed abstracts, a status report.  On January 17, 2020, SRP filed a status report and request for additional time to submit stipulated abstracts.  That same day, ADWR filed a report regarding SRP's proposed *de minimis* abstracts.  The Special Master granted SRP's request

for additional time and directed SRP to submit stipulated abstracts or a status report by March 17, 2020.

On March 17, 2020, SRP submitted (1) its responses to ADWR's report regarding the proposed *de minimis* abstracts, and (2) a status report and request for a scheduling conference. The Special Master issued orders on March 23, 2020, in which she (1) directed the parties to file Rule 26.1 Disclosure Statements by May 4, 2020, (2) set a scheduling conference for May 12, 2020, and (3) issued *de minimis* abstracts and directed the parties to file any suggested corrections by May 22, 2020.

SRP and the City of Phoenix filed their initial disclosure statements in this matter on May 1, 2020. BHP Copper, ASARCO, San Carlos, and the YAN filed their initial disclosure statements on May 4, 2020. TAT filed its initial disclosure statement on May 7, 2020.

**17.** *In re Anderson Development Corp.*

On July 3, 2019, the Special Master initiated Contested Case No. W1-11-3450 to address the domestic, small reservoir, and irrigation PWRs analyzed in WFR No. 115-10-BA-001. Following an initial status conference held on August 12, 2019, the Special Master issued in order in which she (1) dismissed claims made in certain SOCs analyzed in WFR No. 115-10-BA-001, and (2) scheduled a further status conference for December 11, 2019, for purposes of setting a process to resolve objections to the PWRs at issue. On December 2, 2019, the claimant issued a notice in which it described the amendments and assignments it had filed for certain of the SOCs at issue, and discussed its intention to submit additional SOCs. Following the December 11, 2019, status conference, the Special Master filed a minute entry on December 20, 2019, in which she (1) directed ADWR to map the wells at issue in relation to the subflow zone, (2) directed the claimant to submit proposed *de minimis* abstracts to ADWR by May 8, 2020, and (3) directed the claimant to submit either stipulated abstracts or a status report by May 8, 2020, with respect to the non-*de minimis* claims at issue. ADWR submitted the well map report on February 7, 2020. On April 17, 2020, the ASLD

and counsel for Bar Seven Cattle Company and Bonita Cattle, LLC submitted a joint status report in which they addressed the proposed ownership of the PWRs at issue in this case.

On August 12, 2020, the Special Master issued an order in which she noted that the wells at issue in this case are located outside the subflow zone, and therefore stayed this case until completion of a subflow depletion test.

### 18. *In re Aravaipa Farm, LLC*

On June 7, 2019, the Special Master initiated Contested Case No. W1-11-3321 to address the irrigation PWRs analyzed in WFR No. 115-04-ADC-002.  Following a status conference, the Special Master directed Aravaipa Farm, LLC to file any necessary amendments to the SOCs that were matched to the irrigation PWRs.  Aravaipa Farm filed amended SOCs on November 1, 2019.  On November 26, 2019, the Special Master issued an order setting a status conference for December 11, 2019.  On December 23, 2019, the Special Master issued an order related to the status conference of December 11, 2019.  It directed the claimants (Aravaipa Farm and Aravaipa JAKS LLC) to file stipulated abstracts or a status report on objections by January 24, 2020.  The claimants submitted a status report on January 21, 2020.  On March 17, 2020, the Special Master filed an order in which she directed that the claimants shall file either stipulated abstracts or a status report by April 2, 2020.

On April 2, 2020, the claimants submitted a status report in which they indicated that they had reached an agreement with all parties other than GRIC and San Carlos.  The Special Master held a status conference on May 1, 2020, during which the claimants identified a dispute with GRIC and San Carlos that raised an issue that is slated for adjudication in *In re St. David Irrigation District*.  The claimant requested a stay until that issue is resolved in *In re St. David Irrigation District*.  On May 26, 2020, the Special Master issued an order in which she stayed trial in this matter until after resolution of *In re St. David Irrigation District* and set a litigation schedule to commence after that case is expected to be resolved.  Specifically, the Special Master ordered the parties to file initial disclosure statements by May 3, 2021, complete discovery by October 1, 2021, attend a prehearing conference on October 14, 2021,

file dispositive motions by October 29, 2021, attend a readiness conference on January 25, 2022, and begin trial on January 31, 2022.

**19.**    *In re Artemisa Arbizo*

On October 24, 2019, the Special Master initiated Contested Case No. W1-11-3199 to address the irrigation and domestic PWRs identified in WFR No. 114-04-BDD-016.  The PWRs were not matched to any SOCs.  ASARCO filed an objection to the WFR indicating that the WFR included an erroneous analysis of water rights related to ASARCO.  Accordingly, the Special Master directed ASARCO to amend its objection by November 15, 2019, in order to clarify whether it claims water rights associated with this WFR, and, if so, which of its SOCs includes the claim.  ASARCO timely filed an amended objection in which it stated that it does not claim any water rights in relation to the land analyzed in the WFR at issue.  On January 21, 2020, the Special Master issued an order to stay proceedings in this case.  No party is required to take further action in this case at this time.

**20.**    *In re W.H. Claridge*

On July 3, 2019, the Special Master initiated Contested Case No. W1-11-3394 to address the "discontinued irrigation" use identified in WFR No. 115-05-AC-007.  The WFR identified three SOCs associated with the discontinued irrigation use.  At an initial status conference, the Special Master directed ADWR to facilitate a meeting with objectors and the owners of the SOCs identified in the WFR in order to explore the possibility of settlement.  ADWR held an initial settlement meeting on September 18, 2019.  Thereafter, ADWR filed a notice in which it stated that an additional meeting has been scheduled for January 8, 2020.  Following the January 8 meeting, ADWR filed a meeting report on January 15, 2020.  On January 28, 2020, the Special Master issued an order setting a scheduling conference for May 19, 2020, in the event that the parties failed to reach a stipulation by that date.

On May 11, 2020, the claimant filed statements of claim and amended SOCs.  The claimant distributed proposed abstracts to the parties on that same date.  The claimant discussed those documents during the ADWR meeting that was held on May 12, 2020.  On

39

May 14, 2020, the claimant submitted a request to continue the May 9 scheduling conference in order to facilitate further settlement efforts.  On May 15, 2020, the Special Master granted that motion and continued the scheduling conference to July 20, 2020.  At the July 20, 2020 scheduling conference, the claimant discussed its intention to pursue a mining water right. The Special Master determined that a mining claim in this case would require an amended WFR, and she therefore issued an order on August 17, 2020 in which she directed ADWR to prepare an amended WFR by November 2, 2020.  ADWR filed its amended WFR on November 2, 2020.

**21.**   *In re Geldmacher*

On June 7, 2019, the Special Master initiated Contested Case No. W1-11-3320 to address the domestic, irrigation, and small reservoir PWRs identified in WFR No. W1-11-3320.  The Special Master held an initial status conference on July 18, 2019, during which she directed the landowners to confer with the objectors to determine whether a settlement can be reached, and to file either stipulated abstracts or a status report no later than November 1, 2019.  On November 4, 2019, the landowners submitted a request for a status conference. The Special Master held a status conference on December 11, 2019.  In a minute entry regarding that status conference that the Special Master filed on December 30, 2019, the Special Master directed San Carlos to review the proposed abstracts that were previously distributed by the claimant and provide approval or objections thereto in a report by January 24, 2020.  On January 24, 2020, San Carlos filed a report in which it stated that it is continuing to research whether the priority date listed in the proposed abstracts is supported by the available historical documentation.

On May 1, 2020, the claimant moved for a stay in this matter until *In re St. David Irrigation District* is resolved.  The Special Master held a status conference on May 19, 2020, during which she granted the requested stay and set the following litigation schedule to occur after the date that *St. David Irrigation District* is expected to be resolved:  (1) Initial disclosure statements due May 3, 2021; (2) discovery to be completed by October 1, 2021; (3)

prehearing conference on October 14, 2021; (4) dispositive motions by October 29, 2021; (5) readiness conference on January 25, 2022; and (6) trial to begin on January 31, 2022.

### 22.    *In re Elizabeth Hilliard*

On August 6, 2019, the Special Master initiated Contested Case No. W1-11-3385 to address the domestic use PWR identified in WFR No. 115-05-AC-006.  The Special Master held an initial status conference on September 12, 2019 during which she (1) directed that any assignments conveying the relevant SOCs to the current landowners be executed and filed, (2) dismissed an SOC identified in the WFR, and (3) directed ADWR to facilitate a settlement meeting among the landowner and the objectors.  ADWR held an initial settlement meeting on October 2, 2019.  Thereafter, ADWR filed a notice stating that an additional settlement meeting has been scheduled for February 11, 2020.  That meeting was cancelled, and the Special Master held a status conference on February 20, 2020.  During that status conference, the claimant indicated that he is no longer pursuing an irrigation claim and instead is seeking only a domestic use water right.  The Special Master directed the claimant to provide the parties with evidence regarding historic water use on the property.  On or around April 20, 2020, the claimant submitted a status report detailing his efforts to locate evidence of historic water use.  The Special Master issued an order directing the claimant to share that evidence with the parties and to file either a stipulation and withdrawal of objections or a status report by September 20, 2020.  On September 30, 2020, BHP Copper filed a status report that described the status of settlement efforts.  The Special Master held a status conference on November 13, 2020, and subsequently filed a minute entry in which she directed the parties to file stipulated abstracts by January 12, 2021.

### 23.    *In re Kaibab Industries – Stock*

On October 28, 2019, the Special Master initiated Contested Case No. W1-11-3374 to address the stockpond PWR associated with WFR No. 115-05-055, which analyzes ASLD land leased to the Magoffin Family Trust.  The Special Master held an initial status conference in this matter for January 15, 2020, during which the parties discussed an SOC

amendment recently submitted by the Magoffin Family Trust.  On April 20, 2020, the Special Master issued an order directing the Magoffin Family Trust to submit an additional SOC amendment by June 22, 2020, to provide certain missing information that is relevant to the claim.  The Special Master also directed ADWR to submit a report by June 22, 2020 in which it shall identify the location and size of the stock pond that is included in the WFR.  ADWR timely filed that report on June 22, 2020.

### 24.   *In re Karen LeCount*

On July 30, 2019, the Special Master initiated Contested Case No. W1-11-3395 to address the three irrigation PWRs identified in WFR No. 115-05-DA-001.  At an initial status conference held on September 12, 2019, the Special Master directed ADWR to meet with the parties within thirty days and directed the landowner (the Magoffin Family Trust) to file the SOCs it intends to rely upon in support of its claims.  ADWR held a meeting with the parties on October 3, 2019, and thereafter filed a report stating that the Magoffin Family Trust requires additional time to determine which SOCs support its claims.  On October 14, 2019, the Special Master issued an order that (1) extended until January 10, 2020, the deadline for the Magoffin Family Trust to file a list of SOCs it intends to rely upon to support its claims, and (2) set an additional status conference for January 15, 2020.  ADWR held an additional meeting with the claimants on January 7, 2020, and ADWR filed a meeting report on January 14, 2020.

At the January 15, 2020 status conference, the claimants stated that they needed additional time to determine which SOCs they intended to rely upon to support their claims.  On March 2, 2020, the Special Master filed a minute entry regarding the status conference that was held on January 15, 2020.  The minute entry noted that the Magoffins are in the process of gathering evidence to support their claim that pre-1919 irrigation use occurred on the property at issue.  The minute entry further noted that ADWR will conduct an additional settlement meeting with the Magoffins and the objectors in May 2020.  Finally, the Special Master noted that one of the SOCs analyzed in the WFR includes claims located on lands

outside the geographic area included in WFR No. 115-05-DA-001.  The Special Master noted that additional contested cases will be initiated to address those additional claims.  ADWR held a settlement meeting with the claimants and the objectors on May 12, 2020, and filed a report regarding that meeting on May 19, 2020.

### 25.    *In re R.L.D. Irrevocable Trust*

On October 18, 2019, the Special Master initiated Contested Case No. W1-11-2803 to address the domestic PWR and the "discontinued irrigation" uses identified in WFR No. 114-01-CCD-003.  The WFR listed the landowner as R.L.D. Irrevocable Trust.  The current landowner is Peoples Properties LLC.  As of the initiation of this case, neither R.L.D. nor Peoples Properties filed SOCs regarding any of the uses identified in the WFR.  The Special Master held an initial status conference on November 13, 2019.  At the conference, Peoples Properties indicated that it intended to claim a water right associated with the WFRs.  On November 20, 2019, the Special Master issued an order in which she directed Peoples Properties to do the following by February 11, 2020: (1) submit any assignments or amendments to the relevant SOCs, (2) circulate draft abstracts to the objecting parties, (3) hold settlement discussions with the objecting parties, and (4) file either stipulated abstracts or a status report.

Peoples Properties filed a statement of claim and new SOCs on February 4, 2020, and filed a status report on February 5, 2020.  On February 11, 2020, the Special Master issued an order instructing Peoples Properties LLC to file stipulated abstracts or a status report by April 30, 2020.  On April 30, 2020, Peoples Properties LLC submitted a status report in which it requested that the Special Master stay this case pending resolution of *In re St. David Irrigation District*, Contested Case No. W1-11-1675.  Peoples Properties explained that San Carlos rejected the stipulated abstracts that Peoples Properties prepared based on its interpretation of an issue that will be resolved in *In re St. David Irrigation District*.  On May 26, 2020, the Special Master issued an order in which she stayed trial in this matter until after resolution of *In re St. David Irrigation District* and set a litigation schedule to commence after

1    that case is expected to be resolved.  Specifically, the Special Master ordered the parties to

2    file initial disclosure statements by April 23, 2021, complete discovery by June 30, 2021,

3    attend a prehearing conference on July 15, 2021, file dispositive motions by July 30, 2021,

4    attend a readiness conference on October 26, 2021, and begin trial on November 1, 2021.

5         **26.    *In re Joel Rubin***

6         On June 7, 2019, the Special Master initiated Contested Case No. W1-11-3324 to

7    address domestic, irrigation, and small reservoir PWRs identified in WFR No. 115-04-ADC-

8    006.  Following an initial status conference, the Special Master issued an order on July 25,

9    2019, directing ADWR to conduct a settlement meeting with the landowner and the objectors

10   no later than September 20, 2019.  ADWR filed a report on August 27, 2019, stating that a

11   settlement meeting was held and that the landowners expressed a willingness to work with the

12   objecting parties to resolve the objections.  Following receipt of ADWR's report, the Special

13   Master set a status conference to discuss the status of the objections for December 11, 2019.

14   At the status conference, the Special Master directed the claimant (Sandra Knox) to file either

15   proposed abstracts or a status report by January 31, 2020.

16        On February 18, 2020, SRP filed a report regarding the status of settlement efforts.

17   The following day, the Special Master filed an order in which she attached a proposed *de*

18   *minimis* abstract for Mr. Rubin's domestic claim and directed the parties to file any suggested

19   corrections by no later than April 20, 2020.  The order further provided that by March 20,

20   2020, the parties shall file stipulated abstracts for Ms. Knox's claimed water rights, or, if no

21   agreement is reached, TAT shall file a status report by that same date.  TAT filed a status

22   report on March 20, 2020.  The Special Master held a status conference in this matter on May

23   5, 2020.  Thereafter, the Special Master held a scheduling conference on July 24, 2020 and set

24   the following litigation schedule:  (1) Rule 26.1 disclosure statements are due by October 5,

25   2020; (2) discovery must be completed by December 18, 2020; (3) dispositive motions are

26   due by January 11, 2021; and (4) trial will begin on April 5, 2021.  SRP, BHP, ASARCO,

27   TAT, San Carlos and the claimant, Sandra Knox, each filed disclosure statements.

### 27.    *In re Town of Huachuca City*

On June 12, 2019, the Special Master initiated Contested Case No. W1-11-0245 to address the municipal water use identified in WFR No. 111-20-050.  Following a status conference held on July 17, 2019, the Special Master ordered the Town of Huachuca City (the claimant for the two SOCs identified in the WFR) to meet with the objectors regarding the claims and to file a report regarding those discussions no later than October 15, 2019. Following the Town's timely submittal of the report, the Special Master held a status conference on January 15, 2020.  The Special Master subsequently filed a minute entry on February 20, 2020, in which she set the following litigation schedule:  (1) Initial Rule 26.1 Disclosure Statements shall be due on May 1, 2020; (2) discovery shall be completed by October 30, 2020; (3) a status conference will be held on November 5, 2020; (4) motions shall be due by January 11, 2021; and (5) trial is tentatively scheduled for April 26, 2021.  In response to a motion jointly submitted by the claimant and several objectors, the Special Master issued an order on April 9, 2020, that modified the litigation schedule as follows:  (1) the Rule 26.1 disclosure statements due on May 1, 2020, are limited to disclosing legal theories for issues that the parties contend to be issues of broad legal importance; (2) responses to the parties' positions stated in the disclosure statements shall be due May 21, 2020; (3) a status conference and oral argument regarding the issues raised in the parties' disclosure statements will be held on May 28, 2020; (4) the trial date will remain unchanged; and (5) all other existing pretrial deadlines are vacated.

Several parties submitted their limited disclosure statements on May 1, 2020, in which they identified issues that they considered to be issues of broad legal importance.  On May 21, 2020, the parties filed responses to the proposed issues of broad legal importance that the other parties identified in their disclosure statements.  Following a status conference on May 28, 2020, the Special Master filed a notice on June 18, 2020 in which she designated the following two issues of broad legal importance:  (1) Is the process set out in the 1919 Arizona Surface Water Code and subsequent versions of that statute the exclusive method for a well

owner who has filed an SOC under A.R.S. § 45-254 to obtain an appropriative water right in Arizona for water pumped from a well located in the subflow zone with a priority date after June 12, 1919?; and (2) Does the adjudication court have equitable powers to decree an appropriative water right for a claimant who began withdrawing water from a well located in the subflow zone after June 12, 1919, but did not comply with the 1919 Arizona Surface Water Code and subsequent versions of that statute?  The order set a deadline of August 11, 2020 for responses to those issues and set a deadline of September 8, 2020 for replies.  The Special Master subsequently filed a minute entry on July 30, 2020, in which the modified the briefing deadlines as follows:  (1) responses to the issues of broad legal importance must be filed by January 11, 2021; (2) replies must be filed by February 12, 2021; and (3) oral argument will be held on February 26, 2021.

### 28.   *In re Town of Mammoth*

On June 18, 2019, the Special Master initiated Contested Case No. W1-11-2325 to address the municipal PWR identified in WFR No. 113-04-003.  The WFR did not match the PWR to any SOCs, but ADWR's records reflect that the Town of Mammoth subsequently filed two SOCs that relate to the PWR.  Following an initial status conference on July 17, 2019, the Special Master directed the Town to file by October 15, 2019, a status report addressing the ownership of the land on which the wells identified in the WFR are located, as well as the status of its efforts to settle the objections to the WFR.  On December 4, 2019, the Special Master directed the parties to file either stipulated abstracts or a status report by January 28, 2020.  The order also set a status conference for February 4, 2020.  The Town of Mammoth submitted a status report on January 24, 2020.  At the February 4, 2020, status conference, the Town indicated that it had distributed proposed abstracts and that several of the objectors had agreed to the abstracts.  The Special Master directed the Town to file stipulated abstracts or a status report by February 2, 2020.  The Town indicated in that report that San Carlos and TAT had not agreed to its proposed abstracts, and the Special Master directed those parties to file a further status report by March 26, 2020.  In the status report

filed that date, TAT requested an extension to the deadline for submitting stipulated abstracts. On March 31, 2020, the Special Master issued an order granting TAT's requested extension and directing the Town of Mammoth to file stipulated abstracts or a status report by May 28, 2020.

On May 28, 2020, the Town of Mammoth filed a status report in which it requested an additional ninety days to submit stipulated abstracts. In response to that request, the Special Master issued an order on July 22, 2020 in which she directed the parties to submit stipulated water rights abstracts by September 4, 2020. The parties failed to reach a settlement by September 4, 2020, and the Special Master therefore held a scheduling conference on September 25, 2020 during which she discussed a potential trial schedule. In an October 5, 2020 minute entry regarding that scheduling conference, the Special Master set a discovery cutoff of March 15, 2021, a deadline of May 3, 2021 for dispositive motions, and a trial date of August 2, 2021. SRP, YAN, the Town of Mammoth, BHP Copper, the City of Phoenix, the City of Mesa, the United States, TAT, ASARCO, and GRIC have each filed initial disclosure statements in this matter.

### 29.   *In re Whiting Ranches*

On August 7, 2019, the Special Master initiated two consolidated contested cases (Nos. W1-11-3359 and W1-11-3397) to analyze the water rights asserted in four SOCs that ADWR analyzed in connection with WFR No. 115-05-036 and Zone 2 Well Report No. 115-05-DA-003. ADWR's analysis identified PWRs for irrigation and small reservoir uses, all of which received water from three wells. ADWR also identified a domestic PWR and a *de minimis* stockwatering PWR. The Special Master issued proposed abstracts for the *de minimis* water rights and directed ADWR to submit any comments on the abstracts by August 30, 2019. The Special Master held a status conference on September 24, 2019, at which she ordered the claimants for any of the water rights at issue to file a list of all SOCs that were subject to ADWR's investigation by January 10, 2020. The Special Master also ordered that by January 10, 2020, all landowners identified in the draft abstracts circulated by the Special Master shall

file any assignments or amendments to the relevant SOCs, and respond to ADWR's comments on the draft abstracts.  On January 10, 2020, the claimants filed a notice of filing amended SOCs for stockponds and stock watering claims as well as a response to ADWR's comments on the proposed abstracts.  On March 30, 2020, the Special Master issued an order that included six proposed abstracts for the *de minimis* stockwatering and small reservoir claims at issue.  The Special Master directed that any suggested corrections to the proposed abstracts shall be filed by June 1, 2020.  On May 29, 2020, the claimants filed suggested corrections to the proposed abstracts.  On July 29, 2020, the Special Master issued an order in which she accepted the suggested corrections and directed the *de minimis* abstracts, as corrected, to be included in the water rights catalog.

With respect to the non-*de minimis* claims, the Special Master set the following litigation schedule in an order dated February 20, 2020:  (1) Initial Rule 26.1 Disclosure Statements shall be due on May 1, 2020; (2) discovery shall be completed by October 30, 2020; (3) a status conference will be held on November 5, 2020; and (4) motions shall be due by January 11, 2021.  The case will be consolidated for trial purposes with *Town of Huachuca City* if common factual issues exist for trial.  Otherwise, a trial date will be set after May 17, 2021.  In response to a motion jointly submitted by the claimant and several objectors, the Special Master issued an order on April 9, 2020, that modified the litigation schedule as follows:  (1) The Rule 26.1 disclosure statements due on May 1, 2020, are limited to disclosing legal theories for issues that the parties contend to be issues of broad legal importance; (2) responses to the parties' positions stated in the disclosure statements shall be due May 21, 2020; and (3) a status conference and oral argument regarding the issues raised in the parties' disclosure statements will be held on May 28, 2020.  Several parties timely submitted their limited disclosure statements on May 1, 2020, and their responses by May 21, 2020.

Because this case has been consolidated with *In re Town of Huachuca City*, the issues of broad legal importance, associated briefing schedule, and other case deadlines in this case

1   are the same as in *In re Town of Huachuca City*.  For a discussion of those issues, *see* Section
2   II(27), *supra*.

3   **30.**   ***In re Ramon & Sandra Ochoa***

4   On November 5, 2019, the Special Master initiated Contested Case No. W1-11-3203 to
5   address the domestic and irrigation PWRs identified in WFR No. 114-04-BDD-031.  An
6   initial status conference in this matter was held on December 12, 2019.  On December 24,
7   2019, the Special Master filed a minute entry regarding the December 12 status conference in
8   which she directed ADWR to schedule a meeting with the claimants and objectors by March
9   31, 2020.  ADWR conducted that meeting on February 20, 2020.  On February 26, 2020,
10  ADWR filed a meeting report in which it noted that the parties requested a stay of this case
11  pending the Court's determination of whether a water user who began using surface water
12  after 1919 but failed to apply for an appropriative right may nevertheless obtain an
13  appropriative right.  On March 18, 2020, the Special Master filed an order granting the
14  requested stay pending resolution of that issue.

15  **31.**   ***In re Artemisa Arbizo***

16  On October 24, 2019, the Special Master initiated Contested Case No. W1-11-3199 to
17  address the domestic and irrigation PWRs analyzed in WFR No. 114-04-BDD-016.
18  ASARCO filed an objection to the WFR indicating that the WFR included an erroneous
19  analysis of water rights related to ASARCO.  Accordingly, the Special Master directed
20  ASARCO to amend its objection by November 15, 2019, in order to clarify whether it claims
21  water rights associated with this WFR, and, if so, which of its SOCs includes the claim.
22  ASARCO timely filed an amendment to its objection in which it clarified that it does not
23  claim a right to use water on any of the property owned by the landowners.  On January 21,
24  2020, the Special Master issued an order to stay proceedings in this case.  No party is required
25  to take further action in this case at this time.

26

27

### 32.    *In re State Land Department – Paul L. Sale Investment Company*

On June 24, 2019, the Special Master initiated Contested Case No. W1-11-2805 to address the "discontinued irrigation" use identified in WFR No. 114-01-CCD-010.  ADWR's records identify ASLD as the landowner and SRP as the lessee for the property.  The Special Master directed SRP to file by October 18, 2019, a report addressing any water rights claims it maintains in relation to the property addressed in the WFR and any SOC assignments pertinent to SRP's claim.  SRP timely filed the report, in which it indicated that it intended to claim pre-1919 rights for irrigation, stockwatering, and wildlife watering.  The Special Master then held a status conference on November 1, 2019.  On November 14, 2019, the Special Master issued an order requiring SRP to (1) file any SOCs or pre-Adjudication filings that support its claimed rights by January 30, 2020 and (2) file either stipulated abstracts for the claims at issue or a status report by March 2, 2020.  SRP submitted a statement of claim for the water rights at issue on January 30, 2020 and submitted a joint status report with ASLD on March 2, 2020.  The status report included a request that the Special Master extend to July 2, 2020 the deadline for submitting proposed abstracts.  The Special Master granted that request in an order dated March 3, 2020.

Pursuant to a request from ASLD and SRP, the Special Master issued an order on July 9, 2020 that extended to August 31, 2020 the deadline for submitting stipulated abstracts.  The parties did not reach a stipulation by that date, so the Special Master held a status conference on October 2, 2020.  The Special Master filed a minute entry regarding the status conference on October 12, 2020, in which she directed ADWR to prepare an amended WFR for the claims at issue in this case by no later than April 9, 2021.

### 33.    *In re Salt River Project – River Preserve I*

On June 25, 2019, the Special Master initiated Contested Case No. W1-11-3103 to address the irrigation PWR identified in WFR No. 114-04-BAB-001.  One of the SOCs matched to the PWR was assigned to SRP in 2017.  The property analyzed in the WFR includes Arizona State Trust Land that currently is leased to SRP.  Accordingly, the Special

50

1  Master directed SRP to file a status report by October 18, 2019, in order to (1) identify the

2  applicable adjudication filings and pre-filings for claims for the water uses addressed in the

3  WFR, and (2) identify how the water rights will be owned as between SRP and ASLD.  SRP

4  timely filed the report, and a status conference was held on November 1, 2019.  At the status

5  conference, SRP stated that it did not intend to pursue the irrigation claim but did intend to

6  pursue *de minimis* rights for stockwatering and wildlife watering.  The Special Master

7  therefore dismissed the SOC associated with the irrigation PWR and stayed the case pending

8  SRP's submission of a new application to appropriate for the claimed stockwatering and

9  wildlife watering uses.

10       **34.**    *In re Salt River Project – River Preserve II*

11       On June 25, 2019, the Special Master initiated Contested Case No. W1-11-3104 to

12  address the irrigation PWRs addressed in WFR No. 114-04-BAB-002.  Two of the SOCs

13  matched to the PWR were assigned to SRP in 2017.  The property analyzed in the WFR

14  includes Arizona State Trust Land that currently is leased to SRP.  Accordingly, the Special

15  Master directed SRP to file a status report by October 18, 2019, identifying the applicable

16  adjudication filings and pre-filings for claims for the water uses addressed in the WFR.

17  Accordingly, the Special Master directed SRP to file a status report by October 18, 2019, in

18  order to (1) identify the applicable adjudication filings and pre-filings for claims for the water

19  uses addressed in the WFR and (2) identify how the water rights will be owned as between

20  SRP and ASLD.  SRP timely filed the report, and a status conference was held on November

21  1, 2019.  At the status conference, SRP stated that it did not intend to pursue the irrigation

22  claims but did intend to pursue *de minimis* rights for stockwatering and wildlife watering.

23  The Special Master therefore dismissed the SOCs associated with the irrigation PWRs and

24  stayed the case pending SRP's submission of a new application to appropriate regarding the

25  claimed stockwatering and wildlife watering uses.

26

27

**35.** *In re Salt River Project – River Preserve III*

On June 25, 2019, the Special Master initiated Contested Case No. W1-11-3105 to address the irrigation PWRs addressed in WFR No. 114-04-BAB-003.  One of the SOCs matched to the PWRs was assigned to SRP in 2017.  The property analyzed in the WFR includes Arizona State Trust Land that currently is leased to SRP.  Accordingly, the Special Master directed SRP to file a status report by October 18, 2019, in order to (1) identify the applicable adjudication filings and pre-filings for claims for the water use addressed in the WFR, and (2) identify how the water rights will be owned as between SRP and ASLD.  SRP timely filed the report, and a status conference was held on November 1, 2019.  At the status conference, SRP stated that it did not intend to pursue the irrigation claims but did intend to pursue *de minimis* rights for stockwatering and wildlife watering.  The Special Master therefore dismissed the SOCs associated with the irrigation PWRs and stayed the case pending SRP's submission of a new application to appropriate regarding the claimed stockwatering and wildlife watering uses.

**36.** *In re Robert J. and Nancy J. Farrier*

On November 20, 2019, the Special Master initiated Contested Case No. W1-11-3114 to address the objections filed in response to WFR No. 114-04-BAB-120, for which no PWRs were found by ADWR.  The Special Master's November 20 Order directed ADWR to file a map depicting the location of a well identified in the WFR in relation to the subflow zone by December 13, 2019.  ADWR filed that map on December 6, 2019.  The Special Master held a status conference on February 4, 2020, during which the claimants indicated that they intended to pursue claims for irrigation, domestic, and stockwatering uses, and requested additional time to file an amendment to their SOCs.  The Special Master directed the claimants to amend their SOCs by March 9, 2020.  The claimants failed to submit their SOC amendments by that date.  The Special Master held a scheduling conference on May 14, 2020, but the claimant did not appear at the conference.  The Special Master therefore held an order

to show cause hearing on July 13, 2020, at which the claimant appeared and obtained an additional thirty days to file SOC amendments.

### 37.   *In re Magma Copper Company*

On December 20, 2019, the Special Master initiated Contested Case No. W1-11-2394 to consider claims and resolve objections to WFR No. 113-04-DCD-001, which identified PWRs for domestic and irrigation uses.  At a status conference on February 4, 2020, the Special Master directed the claimant (Swift Current Land & Cattle LLC) to file either stipulated abstracts or a status report by May 29, 2020.  On May 29, 2020, Swift Current filed a status report in which it requested a stay until the Adjudication Court has determined whether "wells discharging water from 'chemically closed systems' should be included in the adjudication process."  It also represented in that status report that it no longer held an interest in the claims at issue in WFR No. 113-04-DCD-001, which claims had been assigned to Resolution Copper Mining, LLC.  On August 31, 2020, the Special Master issued an order in which she denied the requested stay and set a status conference for October 2, 2020 to discuss the scope of the claims at issue and set a litigation schedule.

Resolution Copper filed a report on September 30, 2020 in which it described the claims it intended to pursue and proposed a pretrial schedule.  At the status conference, the parties discussed the claims that Resolution intends to assert in this matter.  The Special Master filed a minute entry regarding the status conference on October 12, 2020 in which she directed Resolution to file by December 30, 2020 a status report that describes the claims it intends to assert and includes proposed abstracts for those claims.  The Special Master also set an additional status conference for January 15, 2021.

### 38.   *In re Mercer Group of Cases*

On May 4, 2020, the Special Master severed from *In re Sands Group of Cases* several cases that address the claims investigated in WFR Nos. 113-05-001, 113-05-005, 113-05-008, 113-08-046, 113-08-050, 113-09-001, 113-09-002, and 115-05-032 (collectively, the "Mercer WFRs").  Those cases consist of Case Nos. W1-11-2401, -2405, -2408, -2438, -2442, -2576, -

2577, and -3355.  The Mercer WFRs, which analyze claims originally asserted by Virgil E.

Mercer, identify PWRs for *de minimis* domestic, stockwatering, and stockpond uses.  In a

case initiation order dated May 11, 2020, the Special Master issued proposed abstracts for the

*de minimis* PWRs and directed ADWR to provide its comments regarding those abstracts by

July 6, 2020.  The Special Master held a status conference in this matter on July 13, 2020.  On

November 16, 2020, the Special Master issued proposed abstracts for the *de minimis*

stockpond and stockwatering claims at issue in WFR No. 113-05-001 and directed the parties

to file any suggested corrections to the proposed abstracts by January 15, 2021.  On

November 18, 2020, the Special Master issued proposed abstracts for the *de minimis*

stockpond and stockwatering claims at issue in two additional WFRs (Nos. 113-05-005 and

113-08-050) and set a deadline of January 21, 2021 for suggested corrections.

### 39.    *In re Virgil E. Mercer – Irrigation*

By order dated May 4, 2020, the Special Master severed this Case No. W1-11-2444

from *In re Sands Group of Cases* (Case No. W1-11-19) for separate adjudication.  This case

will address the irrigation claims and related small water use claims analyzed in WFR No.

113-08-AA-001.  Following an initial status conference that was held in this matter on July

13, 2020, the Special Master stayed this case pending resolution of the issues of broad legal

importance in *In re Town of Huachuca City* with respect to the ability of a subflow pumper

with a post-1919 priority date that did not comply with the statutory process to obtain a right

to appropriable water.

### 40.    *In re ASLD – Bingham Sacaton Ranch I*

On May 5, 2020, the Special Master initiated Contested Case No. W1-11-2590 to

address the stockpond, stockwatering, and wildlife watering claims analyzed in WFR No.

113-09-019, on land owned by ASLD.  The case initiation order included draft abstracts for

the *de minimis* PWRs that were identified in the WFR at issue, and directed ADWR to file a

report with its comments on the draft abstracts by July 6, 2020.  After receiving ADWR's

report and holding a status conference on July 31, 2020, the Special Master issued revised

versions of the proposed abstracts on August 31, 2020, and directed the parties to file suggested corrections to the abstracts by October 30, 2020.  The Special Master issued new abstracts on November 10, 2020 that incorporated suggested corrections that were filed by SRP and ASLD.  The Special Master directed ADWR to provide maps depicting the points of diversion and places of use described in the abstracts by no later than January 11, 2021.

### 41.   *In re ASLD – Bingham Sacaton Ranch II*

On May 4, 2020, the Special Master initiated Contested Case No. W1-11-2603 to adjudicate the irrigation, domestic, and stockpond claims analyzed in WFR No. 113-09-CB-008.  The land analyzed in the WFR is owned by ASLD and leased to Bingham Sacaton Ranch and Jim Bingham.  A status conference was held in this matter on July 13, 2020, during which ASLD and Mr. Bingham discussed the ownership of the PWRs at issue in this case.  The Special Master filed a minute entry on August 4, 2020 in which she noted that she will issue proposed abstracts after the appropriate SOC assignments are filed with ADWR.

### 42.   *In re Edward H. and Bettie M. Gegax*

On November 25, 2019, the Special Master initiated Contested Case No. W1-11-3115 to adjudicate the domestic and irrigation claims analyzed in WFR No. 114-04-BAC-003.  At a status conference on January 7, 2020, the Special Master directed ADWR to schedule a settlement meeting between the claimant and objectors.  The meeting was held on March 19, 2020, and ADWR filed a meeting report the following day.  On March 30, 2020, the Special Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right.  Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

### 43.   *In re Cruz C. Hernandez*

On December 3, 2019, the Special Master initiated Contested Case No. W1-11-3117 to adjudicate the domestic and irrigation claims analyzed in WFR No. 114-04-BAC-007.  At a status conference on January 7, 2020, the Special Master directed ADWR to schedule a

settlement meeting between the claimant and objectors.  The meeting was held on March 19, 2020, and ADWR filed a meeting report on March 25, 2020.  On March 31, 2020, the Special Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right.  Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

### 44.   *In re Augustine and Martha Avechuco*

On December 3, 2019, the Special Master initiated Contested Case No. W1-11-3119 to address the domestic and irrigation claims analyzed in WFR No. 114-04-BAC-009.  A status conference was held on January 7, 2020.  On March 17, 2020, the Special Master issued an order that directed ADWR to schedule a settlement meeting between the claimant and objectors.  That meeting was held on March 19, 2020, and ADWR filed a meeting report on March 25, 2020.  On March 31, 2020, the Special Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right.  Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

### 45.   *In re Mary Ann Cluff*

On December 3, 2019, the Special Master initiated Contested Case No. W1-11-3123 to address the domestic and irrigation claims analyzed in WFR No. 117-04-BAD-001.  At a status conference on January 8, 2020, the Special Master directed ADWR to schedule a settlement meeting between the claimant and objectors.  That meeting was held on April 16, 2020, and ADWR filed a meeting report on April 21, 2020.  On April 29, 2020, the Special Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right.  Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**46.**     *In re Jose and Rita Morales*

On December 6, 2019, the Special Master initiated Contested Case No. W1-11-3124 to address the domestic and irrigation claims analyzed in Zone 2 Well Report No. 114-04-BAD-008.  At a status conference on January 8, 2020, the Special Master directed ADWR to hold a settlement meeting with the claimant and the objectors.  ADWR held that meeting on April 16, 2020, and filed a meeting repot on April 21, 2020.  On April 29, 2020, the Special Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right.  Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

**47.**     *In re Stanley C. and Molly Yoder*

On December 6, 2019, the Special Master initiated Contested Case No. W1-11-3125 to address the irrigation and "irrigation associated with a domestic use" claims analyzed in WFR No. 114-04-BAD-044.  At a status conference on January 8, 2020, the Special Master directed ADWR to hold a settlement meeting with the claimant and the objectors.  ADWR held a telephonic settlement meeting with the claimant and the objecting parties on April 16, 2020, and filed a report regarding that meeting on April 21, 2020.  On April 29, 2020, the Special Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right.  Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

**48.**     *In re Rudy E. and Mary Louis Ruiz*

On December 6, 2019, the Special Master initiated Contested Case No. W1-11-3126 to adjudicate the claims analyzed in Zone 2 Well Report 114-04-BAD-053.  At a status conference on January 8, 2020, the Special Master directed ADWR to hold a settlement meeting between the claimant and the objectors.  ADWR held that meeting via teleconference on April 16, 2020, and filed a meeting report on April 21, 2020.  On May 5, 2020, the Special

Master ordered this case stayed pending resolution of whether a subflow pumper with a post-1919 priority date that did not comply with the statutory process for obtaining a right to appropriable water may nevertheless obtain a water right. Those questions currently are at issue in *In re Whiting Ranches* and *In re Town of Huachuca City*.

**49.    *In re H & E Land and Cattle Company***

On December 19, 2019, the Special Master initiated this Contested Case No. W1-11-3248 to consider the claims at issue in WFR No. 114-04-DCB-001 and the associated Zone 2 Well Report, which identified PWRs for domestic and irrigation use on land owned by The Nature Conservancy ("TNC"). Following a status conference held on February 4, 2020, the Special Master directed TNC to file either stipulated abstracts or a status report by May 5, 2020. On April 20, 2020, TNC filed a status report in which it contended that the wells at issue in this case are located outside the subflow zone and therefore not pumping appropriable water. In a May 12, 2020 filing, TNC clarified that its position is that this case should be stayed until an appropriate subflow depletion test is available. On August 12, 2020, the Special Master issued an order in which the granted TNC's request for a stay pending completion of the subflow depletion test.

**50.    *In re Manuela Franco***

On December 16, 2019, the Special Master initiated Contested Case No. W1-11-3239 to address the domestic and irrigation claims that were analyzed in WFR No. 114-04-DBC-600. At a status conference on February 4, 2020, the Special Master directed ADWR to hold a settlement meeting between the claimants and objectors by June 30, 2020. ADWR held that meeting on June 9, 2020, and filed a meeting report on June 16, 2020, in which it stated that the claimants intended to submit proposed *de minimis* abstracts for the domestic claim at issue. Following a status conference held on August 30, 2020, ADWR held a second settlement meeting on September 28, 2020. On October 30, 2020, San Carlos filed a report regarding the status of settlement efforts.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**51.**     *In re Clarence R. Miller*

On December 19, 2019, the Special Master initiated Contested Case No. W1-11-3246 to address the domestic and irrigation claims analyzed in WFR No. 114-04-DCA-001.  At a status conference on February 4, 2020, the current landowner (Harriett Hedrick) indicated that she intended to file an assignment of the SOCs analyzed in the WFR, file an amended statement of claim, and pursue the PWRs identified in the WFR.  On February 11, 2020, the Special Master issued an order directing the claimant to file stipulated abstracts or a status report by June 30, 2020.  In response to a request submitted by the claimant on June 29, 2020, the Special Master issued an order on July 20, 2020 in which she continued the deadline for stipulated abstracts to December 18, 2020.

**52.**     *In re ASLD – Anderson Development*

On January 7, 2020, the Special Master initiated this Contested Case No. W1-11-3429 to adjudicate the claims analyzed in WFR No. 115-10-001, which WFR identified stockwatering and stockpond PWRs on land owned by ASLD  In the case initiation order, the Special Master directed ASLD to file a report by February 10, 2020 identifying the ownership of the land included within the boundaries of the WFR, including any current lessees. ASLD's report identified Bar 7 Cattle Company as the lessee.  On May 11, 2020, the Special Master issued an order that set the following deadlines:  (1) ASLD shall submit by June 19, 2020 a report regarding the status of the renewal of Bar 7's grazing lease; (2) ASLD and Bar 7 shall prepare proposed abstracts for their respective *de minimis* claims by September 8, 2020; and (3) ADWR shall file suggested corrections to the proposed *de minimis* abstracts by November 9, 2020.  On September 8, 2020, ASLD filed a notice in which it confirmed that it had prepared its proposed *de minimis* abstracts and submitted them to ADWR for review. ADWR filed a report containing its mapping and suggested corrections to the proposed *de minimis* abstracts on November 9, 2020.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### 53.    *In re ASLD – Carl C. Anderson Sr.*

On January 9, 2020, the Special Master initiated this Contested Case No. W1-11-3406 to adjudicate the claims analyzed in WFR No. 115-06-004, which WFR identified a stockwatering PWR and a stockpond PWR on leased land owned by the ASLD.  The case initiation order set a deadline of May 8, 2020 for the claimants, ASLD and Bar 7 Cattle Company, to file proposed abstracts.  Pursuant to an order dated May 11, 2020, the deadline for proposed abstracts was extended to September 8, 2020.  On September 8, 2020, ASLD filed a notice in which it confirmed that it had prepared its proposed *de minimis* abstracts and submitted them to ADWR for review.  ADWR filed a report with its comments on the proposed *de minimis* abstracts on October 21, 2020.  On November 12, 2020, the Special Master issued proposed *de minimis* abstracts for a stockwatering use and a stockpond use, and directed the parties to provide any suggested corrections by January 11, 2021.

### 54.    *In re State Land Department – Magoffin I*

On March 11, 2020, the Special Master initiated Contested Case No. W1-11-3325 to address the stockpond and stockwatering claims analyzed in WFR No. 115-05-001, which WFR analyzes a parcel of land owned by ASLD and leased to the Magoffin Family Trust. The case initiation order included eighteen proposed *de minimis* water rights abstracts.  The order directed ADWR to provide by April 24, 2020 a report with its comments on the proposed abstracts.  After the April 24 deadline was extended, ADWR filed its report and associated mapping on June 5, 2020.  On July 2, 2020, ASLD and the Magoffin Family Trust jointly submitted a report setting forth their positions regarding the ownership of the water rights at issue.  On July 24, 2020, the Special Master issued an order in which she directed ADWR to file additional mapping by August 28, 2020.  ADWR timely filed the additional mapping on August 28, 2020.  On September 18, 2020, the Special Master issued an order that included proposed abstracts for the *de minimis* stockpond and stockwatering claims at issue, and directed the parties to submit any suggested corrections to the proposed abstracts

by November 30, 2020.  In orders dated November 10 and November 18, 2020, the Special Master extended the deadline for suggested corrections to December 21, 2020.

**55.     *In re State Land Department – Magoffin II***

On March 11, 2020, the Special Master initiated Contested Case No. W1-11-3338 to address the stockpond and stockwatering claims analyzed in WFR No. 115-05-015, which WFR analyzes a parcel of land that is owned by ASLD and leased to the Magoffin Family Trust.  The case initiation order includes ten proposed *de minimis* water rights abstracts.  The order directed ADWR to provide a report with its comments on the proposed abstracts by April 24, 2020.  After obtaining an extension of the April 24 deadline, ADWR filed its report and associated mapping on June 5, 2020.  On July 2, 2020, ASLD and the Magoffin Family Trust jointly submitted a report setting forth their positions regarding the ownership of the water rights at issue.  On July 24, 2020, the Special Master issued an order in which she directed ADWR to file additional mapping by August 28, 2020.  ADWR timely filed the additional mapping on August 28, 2020.  On September 16, 2020, the Special Master issued updated abstracts for the ten *de minimis* PWRs at issue and directed the parties to submit any suggested corrections to the proposed abstracts by November 16, 2020.  In orders dated November 10 and November 18, 2020, the Special Master extended the deadline for suggested corrections to December 16, 2020.

**56.     *In re SLD – Withrow Ranch***

On February 28, 2020, the Special Master initiated Contested Case No. W1-11-3356 to address the stockpond and stockwatering PWRs that were analyzed in WFR No. 155-05-033, which WFR analyzes a parcel of land that is owned by ASLD and leased to several lessees.  The case initiation order includes nine proposed *de minimis* water rights abstracts.  The order directed ADWR to provide a report with its comments on the proposed abstracts by April 24, 2020.  After obtaining an extension of the April 24 deadline, ADWR filed its report and associated mapping on June 5, 2020.  On July 2, 2020, ASLD and its lessees (the Magoffin Family Trust and Michael and Susan Cavender) jointly submitted a report setting forth their

positions regarding the ownership of the water rights at issue.  On July 24, 2020, the Special Master issued an order in which she directed ADWR to file additional mapping by August 28, 2020.  ADWR timely filed the additional mapping on August 28, 2020.  On September 16, 2020, the Special Master issued updated abstracts for the nine *de minimis* PWRs at issue and directed the parties to submit any suggested corrections to the abstracts by November 23, 2020.  In orders dated November 10 and November 18, 2020, the Special Master extended the deadline for suggested corrections to December 23, 2020.

**57.** *In re Magoffin II*

On March 16, 2020, the Special Master initiated Contested Case No. W1-11-3367 to adjudicate the domestic and stockwatering claims analyzed in WFR No. 115-05-048, which WFR identified three domestic PWRs and a stockwatering PWR.  The land analyzed in the WFR has been subdivided during the period since ADWR's initial investigation.  Accordingly, the Special Master directed ADWR to file by May 22, 2020, a map depicting the area investigated in connection with WFR No. 115-05-048 and the boundaries of all tax parcels within the investigated area; ADWR timely filed the map.  The claimant, Magoffin Family Trust, submitted a proposed stockwatering abstract to the parties on June 12, 2020.

**58.** *In re State Land Department – Magoffin III*

On March 11, 2020, the Special Master initiated Contested Case No. W1-11-3407 to analyze the stockpond and stockwatering claims analyzed in WFR No. 115-06-005, which WFR addresses a parcel of leased land owned by ASLD.  The case initiation order included seventeen proposed *de minimis* water rights abstracts and directed ADWR to provide a report with its comments on the proposed abstracts by April 24, 2020.  After obtaining an extension of the April 24 deadline, ADWR filed its report and associated mapping on June 6, 2020.  On July 2, 2020, ASLD and its lessees (the Magoffin Family Trust and Michael and Susan Cavender) jointly submitted a report setting forth their positions regarding the ownership of the water rights at issue.  On July 24, 2020, the Special Master issued an order in which she directed ADWR to file additional mapping by August 28, 2020.  ADWR timely filed the

additional mapping on August 28, 2020.  On September 18, 2020, the Special Master issued

updated abstracts for the *de minimis* stockwatering and stockpond PWRs at issue in this case,

and directed that any suggested corrections to the proposed abstracts shall be filed by

November 20, 2020.  In orders dated November 10 and November 18, 2020, the Special

Master extended the deadline for suggested corrections to December 21, 2020.

### 59.   *In re H. Clifford & Carolyn Dobson*

On May 18, 2020, the Special Master initiated contested Case No. W1-11-2789 to

adjudicate the claims investigated in WFR No. 113-14-AD-001, which WFR identified PWRs

for domestic, irrigation, and small reservoir uses.  The land included in the WFR was owned

by H. Clifford and Carolyn Dobson at the time of ADWR's investigation, but six different

landowners now own portions of the WFR area.  Following an initial status conference that

was held on July 20, 2020, the Special Master filed a minute entry on July 30, 2020 in which

she directed the parties to submit either stipulated abstracts or a status report by November 17,

2020.  One of the claimants, TNC, filed a status report on November 16, 2020.  In its report,

TNC described its subdivision of the property into five parcels, placement of conservations

easements on four of those parcels, sale of three of the parcels, updating of its water rights

claims, and assignment of certain of its water rights claims.  The status report noted that TNC

is in the process of filing additional amendments to its claims, and therefore includes a request

for a 120-day extension of the deadline for submitting stipulated abstracts.  On November 17,

2020, claimants HC Dobson Jr. Ranch Property, LLC and Rocky and Evenette Greenfield

jointly submitted a status report.  HC Dobson has filed amended SOCs and anticipates

submitting proposed abstracts to the Court shortly after ADWR processes those SOCs.  The

Greenfields plan to submit amended statements of claim, and have been hindered in their

efforts to develop information needed for those amendments due to delays at the National

Archives.  The Greenfields requested a continuance of all deadlines pertaining to their claims

until after they receive the needed information from the National Archives.

On November 20, 2020, the Special Master issued an order that set a scheduling conference on March 11, 2021.

**60.    *In re George and Nancy Muller***

On July 27, 2020, the Special Master initiated this Contested Case No. W1-11-2619 to address the claims analyzed in WFR No. 113-09-CC-035, which WFR identified PWRs for domestic and irrigation uses on land owned by George and Nancy Muller.  Following an initial status conference held on September 25, 2020, the Special Master directed ADWR to hold a settlement meeting.  ADWR held the settlement meeting on November 6, 2020, and filed a report regarding the meeting on November 10, 2020.  On November 20, 2020, the Special Master issued an order that set a status conference for February 12, 2021.

**61.    *In re ASLD – Estate of Hope I. Jones***

On June 5, 2020, the Special Master initiated this Contested Case No. W1-11-2666 to adjudicate the claims analyzed in WFR No. 113-12-011, which WFR identified stockwatering and stockpond PWRs on land owned by ASLD and leased to C-Spear, LLC.  The PWRs at issue are *de minimis*, and therefore the Special Master included proposed abstracts in the case initiation order.  On September 18, 2020, ASLD and C-Spear filed a report describing how the water rights should be owned as between ASLD and C-Spear.  The Special Master re-issued proposed abstracts and directed the parties to provide their suggested corrections to the abstracts by November 30, 2020.  The Special Master subsequently extended that deadline for suggested corrections to January 14, 2021.  On November 2, 2020, C-Spear and the ASLD jointly submitted a motion asking the Court to initiate contested cases for the claims at issue in WFR Nos. 113-12-10 and 113-12-15, and consolidate those cases into this contested case.

**62.    *In re Hope Iselin Jones***

On June 4, 2020, the Special Master initiated this Contested Case No. W1-11-2697 to adjudicate the claims analyzed in WFR No. 113-12-CAA-001, which WFR identified irrigation, domestic, and small reservoir PWRs on property that is owned by C-Spear, LLC.

Following a status conference held on August 10, 2020, the Special Master directed C-Spear to file either stipulated abstracts or a status report by January 15, 2021.

### 63.    *In re Hope I. Jones III*

On June 5, 2020, the Special Master initiated this Contested Case No. W1-11- 2686 to adjudicate the claims analyzed in WFR No. 113-12-037, which WFR identified a stockpond PWR on property that is owned by C-Spear, LLC.  Following a status conference held on August 10, 2020, the Special Master issued a proposed *de minimis* abstract for the stockpond PWR and directed the parties to file any suggested corrections to the abstract by October 15, 2020.  SRP filed suggested corrections to the proposed abstracts on October 15, 2020.

### 64.    *In re Hope I. Jones IV*

On June 8, 2020, the Special Master initiated this Contested Case No. W1-11- 2713 to adjudicate the claims analyzed in WFR No. 113-12-DBC-023, which WFR identifies an "irrigation associated with domestic use" PWR on property that is owned by C-Spear LLC. Following a status conference held on August 10, 2020, the Special Master directed  C-Spear to file either a stipulated abstract or a status report by January 15, 2021.

### 65.    *In re Norman G. and Barbara Y. Crawford*

On July 10, 2020, the Special Master initiated this Contested Case No. W1-11-2708 to adjudicate the claims analyzed in WFR No. 113-12-DBC-009, which WFR identified a domestic PWR and a PWR for "discontinued irrigation" on land owned by Norman G. and Barbara Y. Crawford.  After holding an initial statue conference on September 10, 2020, the Special Master directed the claimant, Steven Brown, to file either stipulated abstracts or a status report by November 13, 2020.  That deadline was subsequently extended to March 12, 2021.

### 66.    *In re Jack K. Hughes*

On July 13, 2020, the Special Master initiated this Contested Case No. W1-11-2709 to adjudicate the claims analyzed in WFR No. 113-12-DBC-012, which WFR identified two irrigation PWRs, a domestic PWR, and a wildlife watering PWR on land owned by the BLM,

Anna Lands, and Mary Norman Hughes.  During the initial status conference on September 10, 2020, the Special Master directed the claimants to file amended SOCs by October 12, 2020.  The Special Master held an order to show cause hearing on October 9, 2020 after the BLM failed to appear at the initial status conference held on September 10, 2020.  At that hearing, the BLM confirmed that it intended to pursue its instream flow claim for wildlife watering but was withdrawing all other claims.  The BLM and ADWR filed on November 9, 2020 a joint status report regarding the status of BLM's instream flow application.  On November 20, 2020, the Special Master issued an order in which she directed that (1) ADWR shall file by no later than January 29, 2021 a report regarding the well that supplies Anna Lands' claimed use; and (2) BLM shall file by no later than May 28, 2021 a report that addresses the status of its instream flow application.

### 67.   *In re El Potrero, Inc.*

On June 1, 2020, the Special Master initiated this Contested Case No. W1-11-2710 to address the claims analyzed in WFR No. 113-12-DBC-014, which WFR identified a domestic PWR and two irrigation PWRs on land owned by the Sweetwater Center and Fred Weiner. Following the initial status conference held on August 10, 2020, the Special Master directed the claimant to submit either stipulated abstracts or a status report by October 15, 2020. Sweetwater Center timely filed a status report on October 12, 2020, in which it identified Fred Weiner as an additional landowner that intends to pursue claims.  The Special Master held a status conference on November 6, 2020 to discuss Mr. Weiner's claim (which consists of a single domestic use).  Following the status conference, the Special Master directed ADWR to submit by December 7, 2020 a map that depicts the boundaries of Mr. Weiner's and Sweetwater Center's property in relation to the WFR boundaries.  The Special Master also extended the claimants' deadline for submitting stipulated abstracts or an additional status report to February 1, 2021.

**68.**     *In re David and Fay Gard*

On July 13, 2020, the Special Master initiated this Contested Case No. W1-11-2726 to address the claims analyzed in WFR No. 113-12-DD-001, which WFR identified three irrigation PWRs and a domestic PWR on land owned by Joel and Donna Quisenberry. Following a status conference held on September 10, 2020, the Special Master filed a minute entry in which she directed the Quisenberrys to file an SOC by October 12, 2020 for any claims that they intend to pursue.

**69.**     *In re Albert S. Duff III*

The Special Master initiated this Contested Case No. W1-11-2731 on July 27, 2020 to address the claims analyzed in WFR No. 113-12-DD-011, which WFR identified PWRs for domestic and irrigation uses on land owned by Jeffrey T. Robbins and Sybil Isolde Erdin. The Special Master held an order to show cause hearing on October 9, 2020 after the landowners failed to appear at the initial status conference.  At that hearing, Ms. Erdin confirmed that she intended to pursue the domestic PWR but not the irrigation PWR.  Further proceedings will occur after Ms. Erdin files an amended SOC for her domestic claim.

**70.**     *In re ASLD – Woodling*

On August 10, 2020, the Special Master initiated this Contested Case No. W1-11-2787 to adjudicate the claims analyzed in WFR No. 113-114-AA-009, which WFR includes three irrigation PWRs on land owned by ASLD and leased to Joseph C. Carrasco and TNC. Following an initial status conference held on October 23, 2020, the Special Master directed ASLD to confer with its lessees and the other objectors, and file either stipulated abstracts or a status report by April 5, 2021.

**71.**     *In re ASLD – Woodling II*

On August 10, 2020, the Special Master initiated this Contested Case No. W1-11-2760 to adjudicate the claims analyzed in WFR No. 113-14-004, which WFR includes a large number of PWRs for stockpond and stockwatering uses.  The Special Master included proposed abstracts for the water rights at issue in the case initiation order, and directed

ADWR to file a report with its comments on the proposed abstracts by January 8, 2021.  A telephonic status conference will be held in this matter on January 15, 2021.

### 72.    *In re Reesor G. Woodling*

On August 10, 2020, the Special Master initiated this Contested Case No. W1-11-2783 to adjudicate the claims analyzed in WFR No. 113-114-AA-001, which WFR identified fourteen irrigation PWRs, eight small reservoir PWRs, and a domestic PWR on various parcels owned by C-Spear, LLC and TNC, among others.  After holding a status conference on October 30, 2020, the Special Master directed the claimants to file either stipulated abstracts or a status report by no later than March 26, 2021.

### 73.    *In re Hughey T. and Lela M. Stringer*

On July 15, 2020, the Special Master issued this Contested Case No. W1-11-2784 to adjudicate the claims analyzed in WFR No. 113-14-AA-006, which WFR identifies a domestic PWR and three irrigation PWRs on land owned by Sleeping Frogs Farm, LLC. Following a status conference held on September 10, 2020, the Special Master directed Sleeping Frogs Farm to file either stipulated abstracts or a status report by January 29, 2021.

### 74.    *In re Ernest S. and Martha Phillips*

On September 11, 2020, the Special Master initiated this Contested Case No. W1-11-2788 to adjudicate the claims analyzed in WFR No. 113-14-AA-010, which WFR identified a single PWR for domestic use on land owned by Sleeping Frog Farms, LLC.  The Special Master directed Sleeping Frog Farms to file either a stipulated abstract for a domestic water right or a status report by January 29, 2021.

## III.    White Mountain Apache Tribe Water Rights Quantification Agreement

The White Mountain Apache Tribe, the United States, and neighboring state law appropriators reached a settlement with each other in January of 2009.  Federal legislation authorizing the settlement was passed in 2010 and the bill was signed by the President on December 10, 2010.  If all of the statutory conditions for effectiveness of the agreement have been met, the White Mountain Apache Water Rights Quantification Agreement would

permanently settle the Tribe's claims to both the Gila River System and Source and the Little Colorado River System and Source.

After a joint hearing in both adjudications on December 18, 2014, the Superior Court entered the Judgment and Decree adjudicating the water rights of the White Mountain Apache Tribe.  By its own terms, the Judgment and Decree will take effect upon publication of a notice in the Federal Register by the Secretary of the Interior that all of the conditions for effectiveness of the settlement have been met.

## IV.   Order for Production of a Subflow Zone Delineation Technical Report for the Verde River Watershed

As noted above in Section II(3), subflow proceedings generally involve a three-step process under Arizona law.  On November 27, 2017, the Special Master commenced the first step in that process (namely, delineation of the lateral extent of the subflow zone) within the Verde River Watershed by initiating Contested Case No. W1-106, *In re Subflow Technical Report, Verde River Watershed*.  In that Order, the Special Master requested that ADWR "develop a map of and a technical report regarding the subflow zone of the perennial and intermittent streams in the Verde River Watershed."  *See* November 27, 2017 Order at 2 (footnote omitted).  The Order also directs that "ADWR shall prepare a technical report that describes the methodology and includes its analysis of the designation of the subflow zone."  *Id.*  After ADWR files its technical report, "[a]ny Claimant in the Verde River Watershed may file objections to ADWR's technical report within one hundred and eighty (180) days of the date on which the report is filed."  *Id.* at 2-3.

The Special Master held a status conference on February 12, 2020, to address the appropriate protocol for adjudicating the Verde River Watershed.  On March 4, 2020, the Special Master filed a minute entry regarding the February 12 status conference.  In the minute entry, the Special Master directed ADWR to complete and file a report defining the subflow zone within the Verde River Watershed by June 1, 2021.  Objections to that report must be filed by November 29, 2021, and the Special Master will set a status conference after

the objections are filed.  Upon completing the subflow zone delineation report, ADWR shall begin preparing HSRs for the Sycamore and Lower Verde Valley Subwatersheds.  ADWR shall complete a preliminary HSR for those subwatersheds by January 5, 2024, and June 6, 2025, respectively.  Comments on the preliminary Sycamore HSR will be due by July 3, 2024, and comments on the preliminary Lower Verde Valley HSR will be due by December 3, 2025.  ADWR shall issue final HSRs by January 10, 2025, and June 3, 2026, respectively. To facilitate the preparation of the HSRs, the United States must file and/or amend its claims for federal reserved water rights in the Lower Verde Valley and Sycamore Subwatersheds by January 6, 2023, and the YAN must file any amendments to its claims by that same date.

After the Sycamore and Lower Verde Valley Subwatersheds, the Court will adjudicate the Little Chino Subwatershed, followed by the Big Chino Subwatershed, and lastly the Verde Canyon Subwatershed.  ADWR shall prepare a preliminary HSR for the Little Chino Subwatershed by June 2, 2028, with comments due by November 29, 2028, and a final HSR due by May 29, 2028.  The Special Master will set deadlines for HSRs applicable to the two remaining subwatersheds after ADWR completes final HSRs for the Sycamore and Lower Verde Valley Subwatersheds.  At that time, the Special Master will consider whether the Verde Canyon Subwatershed should be adjudicated in connection with the Lower Salt Subwatershed due to the trans-basin nature of the major claims in the Verde Canyon Subwatershed.

The Minute Entry of March 4, 2020, further provides that ADWR shall begin preparing a technical report that investigates and analyzes the claimed stock and wildlife watering and stockpond uses and their impact on the available water sources for the Verde River Watershed.  If ADWR believes that domestic use also is potentially *de minimis* in the Verde River Watershed, it must file a report on that issue by December 3. 2021.  ADWR's *de minimis* technical report must be filed by June 3, 2022, and objections to that report are due by November 30, 2022.

1  DATED this 14th day of December, 2020.

2                                          SALMON, LEWIS & WELDON, P.L.C.

3

4                                          By ___/s/ Michael K. Foy_____
                                               Lisa M. McKnight
5                                              Michael K. Foy
                                               2850 E. Camelback Road, Suite 200
6                                              Phoenix, AZ 85016
                                               Attorneys for the Salt River Valley Water
7                                              Users' Association

8
                                           ROSETTE, LLP
9

10                                         By ___/s/ Robert A. Rosette_____
                                               Robert A. Rosette
11                                             565 W. Chandler Blvd., Suite 212
                                               Chandler, Arizona 85255
12                                             Attorney for the Tonto Apache Tribe

13
                                           MOYES SELLERS & HENDRICKS
14

15                                         By ___/s/ Steven L. Wene_____
                                               Steven L. Wene
16                                             1850 N. Central Ave., Ste. 1100
                                               Phoenix, Arizona 85004
17                                             Attorney for City of Safford

18                                         OFFICE OF THE ATTORNEY GENERAL

19                                         By ___/s/ Carrie J. Brennan_____
                                               David F. Jacobs
20                                             Carrie J. Brennan
                                               2005 N. Central Avenue
21                                             Phoenix, Arizona  85004
                                               Attorney for State of Arizona
22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14th, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Robert A. Rosette
rosette@rosettelaw.com

Steve Wene
swene@lawms.com

Carrie J. Brennan
Carrie.brennan@azag.gov

I further certify that on December 15th, 2020, one business day following the electronic transmittal of the foregoing document, I will provide a copy of the foregoing by hand-delivery to:

The Honorable Douglas L. Rayes
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 526
401 West Washington Street, SPC 79
Phoenix, Arizona  85003-2154

        /s/ Michael K. Foy