**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Payson Community of Yavapai-Apache Indians, | No. CV-79-00187-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

This matter and a related case, *San Carlos Apache Tribe of Arizona v. State of Arizona, et al.*, 2:79-cv-00186-DLR ("*San Carlos*"), have been on the Court's docket for over forty-three years. They have been stayed for more than thirty-eight of them, since the Ninth Circuit in 1983 remanded with instructions "to stay proceedings . . . until the state court proceedings have been concluded." *N. Cheyenne Tribe v. Adsit*, 721 F.2d 1187, 1189 (9th Cir. 1983). During this time, the Court has received periodic status reports—at times annually; more recently semi-annually—regarding the status of the various state court proceedings. The undersigned has been assigned to these cases for nearly eight years. Based on the Court's review of the status reports during this time, it does not appear that an end to the state court proceedings is imminent.

On June 29, 2007, Judge James A. Teilborg, who was then assigned to these cases, issued orders to show cause why these suits should not be dismissed without prejudice. (Doc. 99 in this case, and Doc. 104 in *San Carlos*). In those orders, Judge Teilborg

expressed skepticism "that the Ninth Circuit envisioned the suit to be stayed in federal court for over twenty years." (*Id.*) Judge Teilborg proposed that the cases instead be dismissed without prejudice and with leave for the plaintiffs to reopen the cases, along with certain other safeguards to ensure that the federal forum remains readily available if warranted by a significant change of circumstances. (*Id.*) Following the show cause hearing, however, Judge Teilborg recused. (Doc. 104 in this case, and Doc. 109 in *San Carlos*.) No further action was taken on the orders to show cause.

Fifteen years later, the Court is even more skeptical that the Ninth Circuit intended for these cases to be stayed for decades, with the parties indefinitely expending resources preparing annual or semi-annual status reports. If a significant change of circumstances were to warrant the availability of a federal forum, one would imagine that change would have occurred at some point in the past thirty-eight years. Yet, as far as the Court can tell from its review of the docket, Plaintiff has never asked this Court to lift the stay following the Ninth Circuit's remand in 1983.

On May 23, 2022, the Court issued an order directing the parties to show cause in writing why the Court should not now follow Judge Teilborg's proposal and dismiss this case without prejudice and with leave for Plaintiff to reopen the case without Defendants asserting a defense of untimeliness (assuming Plaintiff have been diligently pursing the related matter in state court). Such dismissal would expressly reserve to Plaintiff the right to either re-file this action or move to re-open this case number should the need for federal court action arise. If Plaintiff decides to re-open this action, Plaintiff would not be required to re-serve any current Defendants. All parties to this action would be required to maintain on record, in this case, a current statement of each parties' counsel, counsel's contact information, and the party's contact information until such time as the related state court matter reaches a final judgment. (Doc. 159.)

On June 1 and 2, 2022, Defendants responded that they do not oppose dismissal without prejudice on the terms described in the Court's order. (Docs. 160, 161.) Plaintiff did not file a response in this case, though the plaintiff in *San Carlos* did so. (*See* Doc. 166

- 2 -

in *San Carlos*.)

For reasons explained in the Court's order to show cause (Doc. 159) and in its order dismissing the *San Carlos* case without prejudice (Doc. 167 in *San Carlos*), the Court sees no sense in this case remaining open yet stayed solely so that the parties can provide the Court with periodic status reports. Plaintiff has not asked the Court to lift the stay or to do anything else with this case. If the purpose of the Ninth Circuit's remand in 1983 was to ensure the availability of a federal forum should the need arise, dismissal without prejudice and on the terms described in the Court's May 23, 2022 order would equally serve that purpose, as there is no functional difference between moving to lift the stay in this case, on the one hand, and moving to re-open this case on the terms described herein, on the other.

**IT IS ORDERED** that this action is **DISMISSED** without prejudice and on the following terms: Plaintiff has the right to either re-file this action or move to re-open this case number should the need for federal court action arise, without Defendants asserting a defense of untimeliness (assuming Plaintiff has been diligently pursing the related matter in state court). If Plaintiff decides to re-open this action, Plaintiff will not be required to re-serve any current Defendants. All parties to this action are required to maintain on record, in this case, a current statement of each parties' counsel, counsel's contact information, and the party's contact information until such time as the related state court matter reaches a final judgment.

Dated this 7th day of June, 2022.

Douglas L. Rayes
United States District Judge